CITY OF DALLAS v. DALLAS CONSOL. ELECTRIC ST. RY. CO. (Court of Civil Appeals of Texas. Dallas. Oct. 19, 1912.) Appeal from District Court, Dallas County; Kenneth Force, Judge. Suit by the Dallas Consolidated Electric Street Railway Company against the City of Dallas and others. From an order granting a preliminary injunction and

continuing the same in force, defendant city appealed, and, the case having been certified to the Supreme Court on questions the decisions of which lead to a reversal (148 S. W. 292), the judgment is reversed, and the cause ordered dismissed. James J. Collins and Lee Richardson, both of Dallas, for appellant. Baker, Botts, Parker & Garwood, of Houston, and Spence, Knight, Baker & Harris, of Dallas, for appellee.

TALBOT, J. This suit was brought by the Dallas Consolidated Electric Street Railway Company against the city of Dallas, its mayor, its secretary, and board of commissioners, to enjoin them, and each of them, from canvassing the returns and declaring the result of a certain election held in said city on April 2, 1912, at which an ordinance had been submitted to the qualified voters, to be voted upon under that provision of said city's charter known as the initiative and referendum provision thereof. The plaintiff also prayed that defendants be restrained from entering such ordinance upon the minutes of the board of commissioners, and from taking any action towards promulgating or publishing said ordinance, or in any wise asserting its validity. On the 4th day of April, 1912, the judge of the district court of Dallas county granted a temporary restraining order as prayed for, and directed that notice be issued and served on the defendants, commanding them to appear on the 6th day of April, 1912, and show cause why said order should not be continued in force. The defendants answered, and prayed that the temporary restraining order theretofore issued be dissolved. The court refused to dissolve the temporary injunction or restraining order, but, on the contrary, continued the same in force. From the order granting said injunction and continuing the same in force, the defendants appealed and assigned errors. Recognizing the importance of the principal questions arising on the appeal, and in view of the fact that our jurisdiction was final, we certified them to the Supreme Court for adjudication. The Supreme Court answered the first question submitted, and declined to answer the others, because in the opinion of that court the answer to the first question rendered it unnecessary to answer the additional questions certified. The first question certified, and the one answered by the Supreme Court, is as follows: "Did the district court of Dallas county err, upon the facts alleged in plaintiff's petition, in granting the injunction restraining the defendants from canvassing the returns and declaring the result of the election held on the 2d day of April, 1912, in so far as the same pertains to the initiative ordinance complained of by plaintiff? In other words, under the facts alleged, does the canvassing of the returns and declaring the result of the election involve a political question of which a court of equity will not take cognizance?" In an able and exhaustive opinion written by Mr. Justice Phillips, in which the alleged facts upon which the suit was based were stated, and which opinion will be found in 148 S. W. 292, the Supreme Court answered the question stated in the affirmative, holding, that under the facts alleged, the canvassing of the returns and declaring the result of the election "involved a political question not cognizable by a court of equity," and that therefore the district court erred in granting the injunction. A discussion of the question by this court is unnecessary. It is hardly probable that we could add anything useful to what has been said by the Supreme Court. It is also unnecessary, in view of the Supreme Court's decision, for this court to pass upon the other questions involved in the case, and we therefore express no opinion upon them. The judgment of the court below, granting the injunction prayed for by the appellee and continu-

ing the same in force, is reversed, said injunction dissolved, and case dismissed.