**WINDER v. KING, County Judge, et al.
(Nos. 1041-4957.)**

Commission of Appeals of Texas, Section A.
Jan. 11, 1928.

**1. Constitutional law ⟨⟩68(1)—Courts have no jurisdiction to interfere with calling or holding elections or canvassing returns or declaring result, though proposed election is void.**

Right of people to call and hold elections, canvass election returns, declare results, and take all steps pertaining to elections, is political power presiding in people which is outside scope of judicial interference, even though election is void.

**2. Injunction ⟨⟩80—Attempt to enforce void election permits judicial interference, where laws are violated.**

Though people may hold void election without judicial interference, courts have power to give relief where void election is sought to be enforced in such a way as to violate the laws of the state.

**3. Injunction ⟨⟩80—Court will not assume beforehand, in suit to enjoin holding of election, that officers will attempt to enforce void election.**

In suit to enjoin holding of election, court will not assume in advance that sworn officials will attempt to enforce such election if it is invalid and void, since presumption is that officials will not perform an illegal act.

**4. Injunction ⟨⟩80—Injunction to restrain enforcement of void election held properly denied, where neither result of election nor attempt of officials to enforce it was shown (Rev. St. 1925, art. 1601, as amended by Acts 40th Leg. [1927] c. 185).**

Injunction to restrain canvassing of election returns or declaring result of election or enforcement of election by removal of county seat *held* properly denied, where record failed to show result of election or any attempt of officers to enforce it, though election on removal of county seat was void within Rev. St. 1925, art. 1601, as amended by Acts 40th Leg. (1927) c. 185, because taken within less than two years after prior election on same question, since law will not assume that officials would attempt to perform an illegal act.

**5. Statutes ⟨⟩181(2)—Court should not adopt construction of act causing confusion, if Legislature has fairly expressed any other purpose.**

Court should not give legislative act construction which will throw law into some degree of confusion if it can be ascertained that Legislature has fairly expressed another purpose.

**6. Statutes ⟨⟩205—Court considers entire act in determining legislative intent.**

In interpreting statute, court should consider entire act, including caption, act itself, and emergency clause, in order to arrive at intention of Legislature; legislative intent being main object in construction of statute rather than strict letter of act.

**7. Counties ⟨⟩35(1)—Election to remove county seat from inland town, held before expiration of two-year period from holding previous election on same question, is void (Rev. St. 1925, art. 1601, as amended by Acts 40th Leg. [1927] c. 185).**

Rev. St. 1925, art. 1601, as amended by Acts 40th Leg. (1927) c. 185, providing that, after question of removal of county seat has been voted on and settled, another application for election thereon shall not be made within five years, except that election may be held "to remove the county seat from a location more than five miles from a railroad * * * to a location on a railroad within two years thereafter," *held* to require lapse of two-year period to remove county seat from inland town, and election on county seat removal within two years from date of prior election on same question is void.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by J. P. Winder against C. W. King, County Judge of Hansford County, and others, to enjoin the holding of an election on the question of removing the county seat. Judgment for defendants was affirmed by the Court of Civil Appeals (297 S. W. 689), and plaintiff brings error. Affirmed without prejudice to pending suit to prevent removal of the county seat.

Fischer & Fischer, of Wichita Falls, for plaintiff in error.

Hoover & Hoover, of Canadian, Tatum & Strong, of Dalhart, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for defendants in error.

CRITZ, J. On March 5, 1927, an election was held in Hansford county, Tex., for the purpose of determining whether the county seat of Hansford county should remain in the town of Hansford, which now is and has been for a long time the county seat of Hansford county, or be removed from the town of Hansford to the town of Spearman, or the town of Gruver. At said election it was determined that the county seat of Hansford county should remain in the town of Hansford.

On July 1, 1927, the plaintiff, J. P. Winder, filed suit in the district court of Hansford county, Tex., against C. W. King, county judge, and the four commissioners of said county, alleging, in substance, that said commissioners' court was threatening to call and hold another election in the immediate future and before the time had expired as required by law from the date of the last election, for the purpose of removing the county seat of said county from the town of Hansford to the town of Spearman, alleging that said election, if held, would be void and a great expense to the taxpayers, etc., and praying an injunction restraining the defendants from taking any steps whatever towards calling

and holding said election until two years have expired from March 5, 1927, and also praying that the court adjudge and decree that, when said election is held, said county seat shall not be removed from the town of Hansford to the town of Spearman, and also praying for general relief. The Honorable W. R. Ewing, district judge, entered a temporary order restraining the defendants in error from taking any steps whatever toward the calling or holding of said election until further orders of said court. Before this injunction was served, C. W. King, county judge, as aforesaid, called an election in Hansford county to be held on August 6, 1927, for the purpose of determining whether the county seat of Hansford county should remain at Hansford or be removed to the town of Spearman.

On July 6, 1927, plaintiff in error filed his first amended petition, alleging that since filing his original petition the defendants in error had called an election to be held on August 6, 1927, for the purpose of removing the county seat from Hansford to Spearman, and prayed that the defendants be enjoined from holding said election or canvassing the returns thereof, or declaring the result, and further prayed that they be enjoined from taking any steps whatever towards the removal of the county seat of Hansford county from the town of Hansford to the town of Spearman, in the event the town of Spearman was successful in said election, and alleging, as a reason for the issuance of such injunction, that said election would be illegal and void because called before the time had expired as required by article 1601, Revised Civil Statutes of Texas 1925, as amended by the Fourtieth Legislature of Texas. The plaintiff in error also alleged that, if said election should result successfully for the town of Spearman, defendants in error would immediately undertake to remove the courthouse, jail, county offices, and records, from the town of Hansford to the town of Spearman, and by so doing incur great expense to the county of Hansford and its citizens and taxpayers, and that said defendants in error would immediately undertake to call and hold an election for the purpose of voting bonds for the erection of a new courthouse and jail in the town of Spearman, all of which it was alleged would cost the county of Hansford and its taxpayers great sums of money, notwithstanding the illegality of said election.

Upon a hearing had on July 6, 1927, on plaintiff's amended petition and the answer of the defendants in error, the district judge dissolved the temporary restraining order and entered an order denying plaintiff in error the relief prayed for in said amended petition. From this judgment plaintiff in error prosecuted an appeal to the Court of Civil Appeals for the Seventh District in Amarillo, and said court affirmed the judgment of the district court. 297 S. W. 689. The case is now before this court on writ of error granted to the plaintiff, J. P. Winder.

After the writ of error was granted by this court, the plaintiff in error presented his application to this court for an injunction praying this court to issue an injunction enjoining the defendants in error from holding the election ordered to be held on August 6, 1927, or canvassing and declaring the result of the ballots cast or taking any steps whatever towards the removal of the county seat of Hansford county until further orders of this court.

On August 3, 1927, this court issued a temporary injunction to the extent only that the defendants in error were enjoined from taking any steps or doing any act whatever to carry or attempt to carry into effect the election complained of in the event same should result in the removal of the county seat of Hansford county from the town of Hansford, and enjoining the removal from said town of any books, records, papers, files, instruments, etc., or properties whatever belonging to the county of Hansford until the further orders of this court. Said order, however, expressly stated that the defendants in error were not restrained from holding said election or declaring the result thereof, but that they were restrained from taking any steps whatever to carry into effect the result of such election in the event it should result in favor of removal until the further orders of this court.

The district court found as a fact that there had been held in Hansford county on March 5, 1927, for the purpose of determining whether the county seat of Hansford county should remain in the town of Hansford or be removed to the town of Spearman or the town of Gruver, and that at said election, it was settled and determined that the county seat of said county should remain in the town of Hansford, and that the defendants in error had called another election to be held in Hansford county on August 6, 1927, for the purpose of determining whether the county seat of Hansford county should remain in the town of Hansford or be removed to the town of Spearman.

[1-3] After a careful consideration of the issues of this case, we are of the opinion that this court should not grant the relief prayed for herein by the plaintiff in error, for two reasons: First, because the right to call, to hold, to canvass the returns, and to declare the result of elections is a political power, beyond judicial control; and, second, because the law does not, and this court will not, assume that sworn officials will attempt the enforcement of a void election.

It is the settled law of this state that elections are essentially the exercise of political power, and that the canvassing of the returns of the election is necessary to the determination of the result. It is an integral part of

the election, without which the election is a void proceeding, and the right to declare the result is as absolute as the right to vote or for the election to be held. Therefore the political power of the government to hold an election and declare the result is beyond judicial interference. The courts of this state have no jurisdiction to interfere with the political rights of the people to hold an election, and by holding the election is meant every step pertaining thereto, including the declaring of the result. This rule obtains even though the election called and held is void. The right to call and hold a void election is a political right that the courts have no jurisdiction to interefere with, but the right to enforce a void election in such a way as to violate the laws of this state would present a matter that the judicial power of the government would have the right to give relief from. However, the law does not assume beforehand that sworn officials will attempt to enforce an invalid and void election; that is, that they would attempt to perform an illegal act. City of Dallas v. Dallas Consolidated Electric Street Ry. Co., 105 Tex. 337, 148 S. W. 292.

[4] Under the record in this case, this court has no way of judicially knowing what the result of said election was, and certainly a court of equity should not enjoin sworn officers from acting under a void election without even knowing its result, or that they are attempting to do so.

The statute with reference to fixing the time for calling and holding of elections for the removal of county seats is article 1601 of the Revised Civil Statutes of Texas 1925, as amended by the Fourtieth Legislature, and said article as amended, including the caption and emergency clause, reads as follows:

"H. B. No. 275. Chapter 185.

"An act amending article 1601 of the Revised Civil Statutes of 1925, relating to elections for the removal of county seats; reducing the time within which applications may be made and elections held to remove county seats in certain instances; and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. Article 1601 of the Revised Civil Statutes, of 1925, is hereby amended so as to hereafter read as follows:

"'Article 1601. Whenever an election for the location or removal of a county seat has been voted on by the electors of any county, and the question settled, it shall not be lawful for a like application to be made for the same purpose within five years thereafter. Provided, that an application may be made and an election held to remove the county seat from a location more than five miles from a railroad operating as a common carrier, to a location on a railroad within two years thereafter.'

"Sec. 2. The importance of this act and the fact that the change in the statutes as herein provided should be made as soon as possible so as to permit the relocation of county seats

to points more convenient and accessible. to railroad transportation, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read upon three several days in each house [to] be suspended, and said rule is hereby suspended, and that this act shall take effect and be in force from and after its passage, and it is so enacted."

It will be noted that the first part of said article is a re-enactment of the old article as found in the Revised Civil Statutes of Texas 1925. The amendment of the Fourtieth Legislature added to said article the following words:

"Provided, that an application may be made and an election held to remove the county seat from a location more than five miles from a railroad operating as a common carrier, to a location on a railroad within two years thereafter."

The issues of this case are predicated upon a construction of the part of said statute last quoted.

The Court of Civil Appeals, in construing said statute, holds in effect that an election for the purpose of removing a county seat from a place more than five miles from a railroad to a place on a railroad may be held in less time than two years from the holding of the original election. We are of the opinion that the Court of Civil Appeals was in error in so interpreting this statute.

[5, 6] Courts ought not to give any legislative act a construction which will throw the law into some degree of confusion, if it can be ascertained that the Legislature has fairly expressed any other purpose. Trimmier v. Carlton (Tex. Com. App.) 296 S. W. 1070.

In the above case, our Supreme Court, speaking through Judge Cureton, refused to give the word "now" a literal meaning, and in that opinion the court holds that it is the duty of the court to ascertain the intention of. the Legislature and that words will not be given their literal meaning where such an interpretation will lead to an absurdity or thwart the plain purpose of the Legislature.

In interpreting the statute in question, it is the duty of the court to consider the whole act, including the caption, the act itself, and the emergency clause, in order to arrive at the intention of the Legislature.

"In interpreting a statute, 'it is not in general, a true line of construction to decide according to the strict letter of the act; but the courts will rather consider what is its fair meaning, and will expound it differently from the letter, in order to preserve the intent." Forshey v. Ry. Co., 16 Tex. 527.

"The intention of the Legislature in enacting a law is the law itself, * * * although" inconsistent "with the strict letter of the statute." Edwards v. Morton, 92 Tex. 152, 46 S. W. 792.

"In construing a statute, the main object

being to arrive at the legislative intent, all irrational deductions * * * should be avoided." Kirk v. Morley, 60 Tex. Civ. App. 53, 127 S. W. 1109.

"In the interpretation of the statute, words in common use are to be construed in their natural, plain, and ordinary signification. It is a well-settled rule that, so long as the language used is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequence or of public policy. It is the plain duty of the court to give the effect." 36 Cyc. p. 1134.

[7] Applying these rules of construction to the above act, we are of the opinion that the plain purpose and intent of the Legislature, as ascertained from the whole act, was to accomplish the purpose set forth in the caption; that is to reduce the time within which application may be made and elections held to remove county seats in certain contingencies. The old act provided that five years must elapse between elections. It was the plain intent of the Legislature to reduce this time from five years to two years in certain instances. To hold that the Legislature intended to enact a statute that would permit the holding of such elections as often as the commissioners' court might desire for a period of two years is, to our mind, placing a wrong construction upon the statute, and would lead to results out of harmony with the plain intent and purpose of the Legislature.

We are therefore of the opinion that the election ordered in Hansford county to be held on August 6, 1927, and all proceedings thereunder would be absolutely void. The defendants in error would be without jurisdiction to order said election, and such an election held less than two years from the previous election would be without legal effect.

As stated before, this court has no way of judicially knowing the result of said election, and we will not assume that sworn officials will attempt to enforce or act under an absolutely void election. The law does not assume such, but, on the other hand, the presumption is to the contrary. City of Dallas v. Dallas Consolidated Electric Street Ry. Co., 105 Tex. 337, 148 S. W. 292.

In the event that the officials of Hansford county should attempt or are attempting to carry into effect said election, if same resulted favorably to the town of Spearman, their acts in so doing would be illegal and should be enjoined.

As shown by the record, this is an appeal from a judgment on a hearing involving a temporary injunction.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be affirmed, without prejudice to the right of the plaintiff in error to prosecute his suit pending in the district court for an injunction to prevent the removal of the county seat of Hansford county.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.