EX. PARTE THURMAN BARRETT ET AL.

No. 5696.   Decided April 20, 1931.
(37 S. W., 2d Series, 741.)

*Miss Jessie Tate, Henry Lee Taylor* and *Douglass & Black,* for relators.

Elections come within the political department of the government, and the courts have no power to interfere therewith, except for something involving the regularity or fairness of the election itself as contradistinguished from an invalidity in the subject matter of the election, that is, in the thing for which the election is being held.   Cleveland v. Ward, 285 S. W., 1068; 10 R. C. L., Equity, sec. 92, p. 342; Hill v. Roach, 62 S. W., 959; Robinson v. Wingate, 80 S. W., 1067; Townsen v. Mersfelder, 109 S. W., 420; City of Dallas v. Street Ry. Co., 105 Texas, 337, and others.

*Morriss & Morriss* and *Reed Cozart,* for respondents.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

This is a habeas corpus proceeding instituted in the Supreme Court by the relators, Thurman Barrett and two others, against whom the district court of Bexar county has entered a judgment imposing upon them a punishment, as for contempt of said court.   The material facts are, in effect, as follows: Harlendale is an unincorporated town in Bexar county, and contains some 3,500 inhabitants, including 1,300 qualified voters.   In July, 1930, upon petition of the required number of inhabitants of the town, an election was ordered by the county judge to be held on August

9, 1930, for the purpose of determining whether or not certain territory lying in the town should be incorporated as a town. The territorial boundaries of the proposed corporation, as same are set out in the petition for the election, and in the election order, embraced but a part of the town. On August 8, 1930, W. J. Morrison and a number of other resident property tax paying voters of the town of Harlendale, presented to the acting judge of one of the district courts of Bexar county a petition seeking an injunction to restrain the officers of said election from holding said election, on the ground that the election was not authorized by the statutes, in that a large portion of the town and a large number of its inhabitants and voters were not included within the boundaries of the proposed corporation. Some of the petitioners for injunction reside and own property within the proposed boundaries. Others reside in the part of the town that lies outside of the proposed boundaries, but own property lying inside said boundaries. The petition alleged in detail the above stated facts as rendering the election and the proposed incorporation invalid. In substance the facts relating to the election are the same as in the case of State v. Stein (Texas Com. App.), 26 S. W. (2d) 182. The judge issued a temporary injunction to restrain the holding of said election. The relators, being the officers to conduct said election, disobeyed the injunction and proceeded to hold the election. Afterwards they were cited for contempt because of this disobedience, and, after a hearing, the court entered a judgment imposing punishment on them. They are held in restraint under said judgment.

The holding of an election is a political function, and courts have no power to inquire into the validity of an election until it is completed. Regardless of whether the election be one which conforms to statutory requirements or not, the bare fact that the election is held would not affect private rights. Consequently the matter of stopping the progress of an election, merely for the purpose of inquiring into its validity, lies outside of the general scope of judicial power. This constitutional principle, though sometimes overlooked, has been recognized and applied in a number of well considered cases, and must be treated as settled. Dallas v. Street Railway Co., 105 Texas, 337, 148 S. W., 292; Winder v. King (Texas Com. App.), 1 S. W. (2d) 587; Leslie v. Griffin (Texas Com. App.), 25 S. W. (2d) 820; Robinson v. Wingate, 98 Texas, 267, 83 S. W., 182 (approving the opinion of the Court of Civil Appeals, 36 Texas Civ. App., 65, 80 S. W., 1067).

The district court of Bexar county had no power to restrain the holding of the election in question. The writ of injunction, therefore, lacked the support of judiciary authority. The writ, it is to be observed, did not relate to a matter to which the jurisdiction of the court was erroneously or improvidently applied, but related to a matter of which the court could take no jurisdiction at all. The injunction was void, and the con-

tempt proceedings based upon it is likewise void. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; 6 R. C. L., p. 505.

We recommend that the relators be discharged.

The opinion of the Commission of Appeals is adopted and relators discharged.

C. M. Cureton, Chief Justice.