**KENNEDY et al. v. BROUGHTON et al.**
**No. 1419.**

Court of Civil Appeals of Texas. Waco.
Dec. 14, 1933.

Rehearing Denied Jan. 18, 1934.

J. D. Pickett, of Palestine, for appellants.

V. M. Johnston, of Palestine, for appellees.

STANFORD, Justice.

This was a suit by Z. Broughton, L. G. Pickett, and G. C. Mayes, resident citizens and property taxpayers residing in common school district No. 38 of Anderson county, Tex., filed on the 13th day of April, 1932, against the commissioners' court, the county school trustees, and the county superintendent of Anderson county, Tex. The purpose of the suit was to restrain the commissioners' court from canvassing the returns and declaring the result of a special election held in common school district No. 38 of Anderson county to determine whether the same should be consolidated for school purposes with Elkhart independent school district of Anderson county; and to restrain the county superintendent of said county from in any way recognizing the consolidation of said two school districts; and to restrain the county school trustees of Anderson county from entering any order consolidating said two school districts or proceeding with and attempting to consolidate said two districts, and from managing the affairs thereof as a consolidated school district.

The pleadings and evidence show that petitions were presented to the county judge signed by the requisite qualified voters of common school district No. 38 of Anderson county and Elkhart independent school district of said county praying for an election to determine whether a majority of the qualified voters of said two districts desired to consolidate said districts "for high school purposes only." The county judge ordered an election to determine whether or not common school district No. 38 should be consolidated "with Elkhart Independent School District thereby forming the Elkhart Independent School District No. ——— of this county." After the vote had been taken, but before the returns had been canvassed and the result declared, the plaintiffs filed this suit as hereinabove set out. The court found that, in the event it should be ascertained that said election carried, the county school trustees proposed to treat said two districts as consolidated "for school purposes," as provided in Revised Statutes, art. 2806. The cause was tried before the court without a jury, and judgment rendered perpetually restraining the commissioners' court of Anderson county from canvassing the returns and declaring the result of the election and enjoining the county school trustees of Anderson county from attempting to consolidate said two school districts and enjoining the county superintendent from recognizing said districts as a consolidated district.

## Opinion.

Under the first assignment of error of appellants, they contend that, "since canvassing the returns and declaring the result of an election are essential steps in the exercise of the political power to hold an election, the trial court erred in rendering and entering judgment perpetually restraining the commissioners court of Anderson County, Texas, from canvassing the returns of the election held in Common School District No. 38 of Anderson County, Texas, on the 31st day of March, 1932. * * * The act of canvassing the returns and declaring the result of such an election by the commissioners court is an integral part of the election and the courts of this state have no jurisdiction to interfere with the political rights of the people to hold such an election."

We sustain the above assignment. It seems to be well settled in this state that the holding of an election, which includes canvassing the returns and declaring the result, is essentially the exercise of political power and is beyond judicial control. Winder v. King (Tex. Com. App.) 1 S.W.(2d) 587; Ex parte Barrett, 120 Tex. 311, 37 S.W.(2d) 741. The trial court was therefore without authority to issue the injunction and thus interfere with the canvassing of the returns and declaring the result of the election, regardless of whether or not the petition for said election was sufficient to authorize the calling of an election for the purpose for which said election was actually held.

It is unnecessary for us to express an opinion at this time as to whether or not the petition as presented to the county judge was sufficient to authorize an election for the consolidation of said school districts for school purposes generally, nor whether the commissioners' court will have authority to consolidate said districts for said purposes in the event it should be found that said election carried, and we therefore do not express any opinion on these questions.

The judgment of the trial court is reversed, and the cause remanded.