**COX v. MOORE et al.**

No. 3735.

Court of Civil Appeals of Texas. El Paso.

July 16, 1938.

Ernest McCormack, of Dallas, for appellant.

Thos. G. Murnane, Coke & Coke, Chas. F. Umphress, and W. I. Gamewell, all of Dallas, for appellees.

HIGGINS, Justice.

Appellant, Mrs. Cox, a property taxpaying, qualified voter of Pleasant Mound Independent School District of Dallas County, Texas, brought this suit against the trustees of said district and others not necessary to mention to enjoin said trustees from calling and holding an election within said district to determine whether bonds in the sum of $15,000 should be issued. A general demurrer to the petition was sustained and the suit dismissed. The petition avers it is the purpose of the defendant, if said election results in favor of the issuance of said bonds, to use the said bonds for the purpose of purchasing the Peacock Military School building situate within said district and its ten acre site as a school building. It was alleged the said trustees intended to assign said bonds to the owner of said building and

to convey the present school building and site owned by the district, in consideration of which the owners of the Peacock Building were to convey the ten acre site and Peacock Building. An injunction was sought to enjoin the holding of said election and the issuance of any bonds that might be voted at said election and from acquiring the said Peacock Building in the manner stated and other incidental relief. It was alleged the defendants were carrying on an active campaign to promote a favorable action by the voters upon the proposed bond issue. It was alleged that this action on the part of the defendants constituted an unlawful conspiracy. These latter allegations may be disregarded for they show no wrongful action on the part of any of the defendants. They have a perfect right in a legitimate way to carry on a campaign to promote favorable action by the voters at the proposed election.

The action upon the demurrer was correct, for it is the right of the people and of the duly constituted authorities to call and hold elections, canvass election returns, declare results and take all proper steps pertaining to elections. Such right is political power residing in the people. It is outside the scope of judicial interference. This is true even though the proposed election would be void. Winder v. King, Tex.Com. App., 1 S.W.2d 587; Harris v. Elder, Tex. Civ.App., 38 S.W.2d 352; Kennedy v. Broughton, Tex.Civ.App., 70 S.W.2d 500; Thomas v. McGown, Tex.Civ.App., 94 S. W.2d 839.

The briefs discuss the question of the authority of the trustees to use the bonds issued, or the proceeds thereof, for the purpose of acquiring the Peacock Building and site, it being asserted the trustees were without authority to use such funds or the proceeds thereof for the purpose of acquiring an existing building. We do not consider this question before us at this time. We express no opinion whatever with regard thereto. If it be conceded the trustees have no such right, the law will not assume the trustees will do an illegal act in the disposition of the bonds. The presumption is to the contrary. Winder v. King, supra. The judgment of dismissal, however, should be modified so as to preserve to the appellant the right hereafter to maintain a suit to enjoin any illegal disposition of the bonds, if voted and issued, or the proceeds thereof.

The judgment of dismissal will be modified so as to make the same without prejudice to such right. The costs of the appeal will not be affected by this modification, the costs being taxed against the appellant.

Modified and affirmed.