## TOWN OF SANTA ROSA v. JOHNSON et al.

### No. 11464.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 29, 1944.

Smallwood & Gibbon, of Harlingen, for appellant.

A. H. Moore, of La Feria, for appellees.

NORVELL, Justice.

The town of Santa Rosa, Cameron County, Texas, brought the suit under the Uniform Declaratory Judgment Act, Article 2524—1, Vernon's Ann.Civ.Stats., Acts 1943, 48th Leg.Reg.Sess. p. 265, ch. 164. The defendants were described in the petition as "J. C. Johnson, a citizen and resident property owner and taxpayer of and within the corporate limits of the Town of Santa Rosa, in Cameron County, Texas, and all other persons, firms, and associations who are property owners and taxpayers within the corporate limits of said Town of Santa Rosa, said class of persons being so numerous as to make it impracticable to bring them all before the court, the said J. C. Johnson being sued herein as a representative of said class of persons, and also * * * the State Board of Education of the State of Texas."

According to the petition the suit was brought to determine,

"(1) The validity of the incorporation of the Town of Santa Rosa.

"(2) The validity of the street improvement bonds issued by the plaintiff on February 1st, 1930.

"(3) The liability of the taxpayer defendants to discharge the obligations of said bonds by the payment of taxes duly levied and assessed against the properties of said taxpayers within the corporate limits of the Town of Santa Rosa."

The State Board of Education was dismissed from the suit, and after a trial before the judge without a jury, the court declined to enter judgment "adjudicating the validity or invalidity of the incorporation of the Town of Santa Rosa or the status of the other questions sought by the plaintiff (Town of Santa Rosa) to be adjudicated," and entered a final order dismissing the cause.

The judgment recites that the trial court "is of the opinion that the question of the validity of the incorporation of the plaintiff herein should properly be raised or presented through a proceeding in quo warranto rather than through proceeding under the Declaratory Judgment Act, but aside from this question, the court is further of the opinion that it appears from the pleadings of the parties and from the record before the Court that a judgment rendered in this proceeding under the Declaratory Judgment Act would not finally settle the validity or invalidity of the incorporation of the plaintiff herein, or the other questions sought by plaintiff to be adjudicated herein and would not, therefore, settle the 'controversy' in the future.

"The Court is furthermore of the opinion that, aside from the questions just referred to, from the record before the Court in this proceeding, including the pleadings and the evidence, the validity or invalidity of the incorporation of the plaintiff herein or the status of the other questions sought by plaintiff to be adjudicated herein cannot be definitely ascertained and declared by the Court,— * * *."

In our opinion the trial court was correct in all of its conclusions above set out. Under the terms of section 6 of the Uniform Declaratory Judgment Act, the

entry of a declaratory judgment is discretionary with the trial court. Article 2524—1, § 6, Vernon's Ann.Civ.Stats. A binding decree relating to the validity or invalidity of the incorporation of the Town of Santa Rosa could not be rendered in the absence of the State of Texas, represented by its proper officers. Graham v. City of Greenville, 67 Tex. 62, 2 S.W. 742; City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25.

The order appealed from is affirmed.