**CITY OF HONEY SPRINGS v. TEMPLE-TON, County Judge.**

**No. 13709.**

Court of Civil Appeals of Texas. Dallas.

April 5, 1946.

Rehearing Denied May 15, 1946.

Shirley W. Peters, of Dallas, for appellant.

Franklin E. Spafford, J. E. McLemore, Jr., H. Pat Edwards, Civil Dist. Atty., and Warren S. Cook, Asst. Civil Dist. Atty., all of Dallas, for appellee.

YOUNG, Justice.

Appellant had sought to restrain the County Judge of Dallas County from signing an order purportedly terminating its status as a municipal corporation following an election called and held for that purpose. Upon hearing for temporary injunction a plea to jurisdiction was sustained and the cause accordingly dismissed, with result of this appeal.

The trial was upon pleadings only, petitioner alleging, in substance, as a cause of action: That on May 3, 1937, pursuant to an election legally held, the then County

Judge had entered an order declaring the town of Honey Springs, Dallas County, duly incorporated under provisions of Art. 1133, Title 28, and especially Chapter 11, Revised Statutes of Texas; that on September 10, 1945, the council or governing body of said town of Honey Springs, in regular session, in accordance with Art. 961, R.C.S., had enacted an ordinance by unanimous vote, accepting the provisions of Title 28, governing and regulating cities and towns, thereby abrogating its former status as a town under Art. 1133 and becoming a type of municipality contemplated by Chapter 1 of said Title 28; that on February 9, 1946, appellee County Judge had signed an order finding that 25 qualified voters of the town of Honey Springs had petitioned for an election on the proposition of abolishing the town under provisions of Art. 1261, R.C.S., fixing date of said election for Feb. 20. It was averred that the town of Honey Springs had theretofore ceased to exist as a corporate entity, and that abolition of the City of Honey Springs could only be accomplished by virtue of Arts. 1241, 1242, 1243, R.C.S.; initiated by 100 property tax payers, requiring the resident voters at said election to be qualified as such; whereas the qualification of electors at the election called for February 20 had extended merely to "persons" over 21 years of age, and residents within the town limits for the preceding six months, as provided by Art. 1137, R.C.S.; charging utter invalidity of the named election and that the existence of the City of Honey Springs as a municipality still continued.

Appellant further alleged that its City officials had asked for a timely hearing before Judge Templeton for the purpose of calling attention to above defects and irregularities, but were refused.

The election resulted in a vote of 168 to 72 abolishing the corporation, and appellant's petition filed February 21 prayed that the County Judge be enjoined from entering an order to such effect on the minutes of the Commissioners' Court; complaining that the order would cast a cloud upon the corporate existence of the City of Honey Springs, impair its right to levy and collect taxes, depress its credit and marketability of securities, plaintiff having no adequate remedy at law; upon final trial, praying that an injunction against the County Court order of abolition be made perpetual; that it recover judgment wholly nullifying such election, declaring same void, and for general relief.

The trial, resulting in dismissal of plaintiff's suit, was had February 25, 1946, Judge Templeton signing the order declaring the result of said election on February 27. The official act of Judge Templeton, which appellant had mainly sought to prevent, having been fully performed, appellee first moved the dismissal of said cause as involving a question now moot. Manifestly the motion should be sustained relative to all prayer for injunctive relief, either temporary or permanent; the subject matter or basis for appellant's suit in equity having ceased to exist. "The existence of an actual controversy between the parties to the suit is an essential requisite to appellate jurisdiction; and when there is no controversy, or when a controversy existing at the time an appeal was taken has, by reason of matters subsequently transpiring, ceased to exist, the appeal will ordinarily be dismissed. * * *." 3 T.J., § 24, p. 68. "* * * Where, pending appeal from an order dissolving or refusing to grant an injunction, the act sought to be enjoined has been fully performed, appellate jurisdiction will not ordinarily be exercised." 3 T.J., § 26, p. 71

Likewise, the trial court did not err in holding that it lacked jurisdiction to determine the cause on its merits; suit having been instituted before the election process had been completed, i. e., by a declaration of the result. Art. 1261, R.C.S. The rule here applicable is stated in 16 T.J., § 110; also § 156, viz.: "An election is essentially the exercise of political power and during its progress is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its completion. It is the general rule that a court of equity is not authorized to interfere with an election during its progress. An injunction will not issue to restrain the holding of an election, the canvassing of returns or the declara-

tion of the result of an election. This rule obtains even though the election called and held is void. In so holding the courts proceed upon the theory that because the holding of an election and every step necessary to its completion is a political question, equity has no power to interfere with any step necessary to its completion." See authorities cited in the text, inclusive of City of Dallas v. Dallas Consolidated, etc. R. Co., 105 Tex. 337, 148 S.W. 292.

Aforesaid election was, to say the least, called and held under color of law; and until its completion by compliance with statutory requirements, it should remain free from judicial interference. 16 T.J., supra. Appellant further alleges legal insufficiency of the initial petition for election, such attack being also viewed as premature. In overruling a similar point in Kennedy v. Broughton, Tex.Civ.App., 70 S.W.2d 500, 501, it was held that "The trial court was * * * without authority to issue the injunction and thus interfere with the canvassing of the returns and declaring the result of the election, regardless of whether or not the petition for said election was sufficient to authorize the calling of an election for the purpose for which said election was actually held."

■ Appellant recognizes the rule of judicial noninterference with the exercise of political powers (elections), arguing that its suit does not relate to the processes of election, but is rather an attack upon the proceedings in toto as wholly unauthorized and void. Even so, the petition was filed before completion of election; rendering fully applicable the doctrine that political processes are beyond judicial scope until completed and enforcement thereof attempted to the injury of complainant. In a like situation (City of Dallas v. Dallas, etc., R. Co., supra [105 Tex. 337, 148 S.W. 295]), and referring to judicial remedies, our Supreme Court has said: "They are not available against void legislation enacted under color of authority until its enforcement, as distinguished from its enactment, is attempted or threatened to the destruction or impairment of property rights. Until then in the eyes of the law there is no invasion of such rights, and without such invasion of rights there can be no lawful exercise of judicial authority. The law does not assume that sworn officials will attempt the enforcement of an invalid law. Its presumption is to the contrary, and it therefore awaits such attempted or threatened enforcement before it moves at the instance of parties in interest. If this ordinance is a nullity, as is here contended by the defendant in error, the canvassing of the returns of this election will not quicken it with life and virtue. At all events, it is not a binding enactment until its enactment is completed, and until it is a binding enactment, it retains its relationship to the political power, and is immune from the process of judicial authority." And in Robinson et al. v. Wingate, 36 Tex. Civ.App. 65, 80 S.W. 1067, 1071, 1072, (writ ref.), the suit being to annul a local option election and enjoin publication of result, it was similarly held that validity of the particular election could reach the courts "only when its enforcement is undertaken and resisted, as distinguished from its passage and publication." To same effect see Bassell v. Shanklin, Tex.Civ.App., 183 S.W. 105; McCall v. Lewis, Tex.Civ.App., 263 S.W. 325; Winder v. King, Tex.Com.App., 1 S.W.2d 587; Ex Parte Barrett, 120 Tex. 311, 37 S.W.2d 741.

■ We must assume on this appeal the verity of appellant's pleading. For additional remedy, as regards the cause of action there stated, the writer would suggest that it invoke the enabling provisions of Art. 2524—1, Vernon's Ann.Civ.St., Texas Declaratory Judgments Act, or, defensively, that it invite a proceeding in quo warranto, Art. 6253, R.C.S.; and this opinion is without prejudice to the maintenance by appellant of any suit appropriate to the relief sought. However, we conclude that the judgment under review must be affirmed.

### On Rehearing.

■ On initial consideration thereof, we were disposed to follow appellant's suggestion (first made in motion for rehearing) that the cause be reversed and remanded to the trial court, petitioner's original pleading to serve as a basis for relief under the Declaratory Judgment Act. Further

study convinces us, however, that no useful purpose would be served by such remand, as appellant's repleader under the Act would comprehend in effect a new and independent suit, embracing other and different parties.

The present record, we conclude, is lacking in parties requisite to a right to declaratory relief. Town of Santa Rosa v. Johnson, Tex.Civ.App., 184 S.W.2d 340; Anderson, Declaratory Judgments, § 27, p. 87. And our opinion of affirmance having demonstrated that the judgment dismissing appellant's cause of action against Judge Templeton for want of jurisdiction was not erroneous, same cannot consistently be reversed and remanded solely for the purpose of obtaining a declaration "of rights, status or legal relations" as against further parties whose interest would be affected thereby. Art. 2524—1, § 11, Vernon's Ann.Civ.St., Declaratory Judgments.

Accordingly, the order of Friday, May 10, remanding this cause is set aside and motion of appellant for rehearing overruled.