

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 16, 1964

Hon. Coke R. Stevenson, Jr.  Opinion No. C- 269
Administrator
Texas Liquor Control Board    Re: Whether the rotation of
Austin, Texas                 wine stock and performance
                              of other acts by a wine
                              wholesaler for the benefit
                              of a retailer is prohibited
                              by Section 3(b) of Article
Dear Mr. Stevenson:           666-17 V.P.C.

This is in answer to your inquiry concerning the above-captioned question.

In your letter you said that you have discovered that in certain instances where wine wholesalers have sold wine to retailers, said wholesalers would from time to time assist the retailer by rotating the older wine to the front of the shelves dusting the shelves, bringing liquor from the retailers storeroom to the display shelves, and marking prices on the retailer's containers; and you said that you have further discovered that "a wholesaler of wine would, while rotating wine stock, attempt to make his competitors wine unmarketable by wiping the bottle tops of his competitor's wine with a kerosene rag, by unscrewing the bottle tops and placing dog hair in his competitor's wine, . . . and by engaging in other prohibited practices."

After giving those facts, you asked the following two questions in regard to the construction of Section 3(b) of Article 666-17 of Vernon's Penal Code.

"1. Assuming that wine is not perishable, is the rotation of wine stock on a retailer's shelves, the dusting of a retailer's shelves, the bringing of wine from a retailer's storeroom to place on shelves and the marking of prices on a retailer's wine containers by a wholesaler of wine prohibited by the language of subsection 3(b) and (f) of Section 17 of Article I of the Texas Liquor Control Act?

"2. Assuming that wine is perishable, is the rotation of wine stock of a retailer by a wholesaler of wine not prohibited by the language of subsection

-1294-

3(b) and (f) of Section 17 of Article I of the Texas Liquor Control Act?"

Since the perishability of wine has no bearing upon this opinion, we will answer the two questions as one.

The pertinent part of the statute in question reads as follows:

"(3). It shall be unlawful for any person who owns or has an interest in the business of a Distiller, Brewer, Rectifier, Wholesaler, Class B. Wholesaler, Class A Winery, Class B Winery, or Wine Bottler, or any agent, servant, or employee:

". . .

"(b) To furnish, give, or lend any money, service, or other thing of value, or to guarantee the fulfillment of any financial obligation of any retailer;

". . .

"(f) To offer any prize, premium, gift, or other similar inducement to any retailer or consumer, or the agent, servant, or employee of either."

The statute is plain insofar as it makes it unlawful for a wholesaler and other named parties to "furnish" a "service" to a retailer. As the words "furnish" and "service" are not defined, and are words of common use, they should "be construed in their natural, plain, and ordinary signification." Winder v. King, 1 S.W.2d 587 (Tex.Comm.App. 1928).

The meaning of the word "furnish" is so well known there is no need to discuss it. Whether it was a "service" or something else in this case, it was "furnished" by the wholesaler to the retailer.

Although the meaning of the word "service" is also well known, we will cite some authorities showing that what the wholesaler furnished the retailer in this case was a "service". In the case of Van Zandt v. Fort Worth Press, _____ Tex. _____ 359 S.W.2d 893, the Supreme Court of Texas construed Article 2266, Vernon's Civil Statutes, that authorizes the recovery of attorney's fees for "personal services", and commented on the word "service" as follows:

"Webster's Third New International Dictionary gives a general definition of 'service' as 'action or use that furthers some end or purpose: conduct or performance that assists or benefits something: deeds useful or instrumental toward some object.' . . . In construing the state's Unemployment Compensation Act the Supreme Court of Utah had occasion in Creameries of America v. Industrial Commission, 98 Utah 571, 102 P.2d 300, 304, to differentiate 'services' and 'personal services'. The court said:

'In ordinary usage the term "services" has a rather broad and general meaning. It includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed. The general definition of "service" as given in Webster's New International Dictionary is "performance of labor for the benefit of another"; "Act or instance of helping, or benefiting". The term "personal service" indicates that the "act" done for the benefit of another is done personally by a particular individual.'"

In the case of A. Kron Livery & Undertaking Co., v. Weaver, 280 S.W.54 (Mo.App.1926) the court discussed the word "service", and said:

"the word 'service', as lexically defined, means, among other things: The act of serving; the deed of one who serves; labor performed for another; assistance rendered; obligation conferred; duty done or required; useful office; advantage conferred; that which promotes interest or happiness; benefit; avail; an advantage conferred or brought about; benefit or good performed, done or caused; use; employment, things required for use."

In the statute we are herewith considering, towit, Section 3(b) of Article 666-17, the word "service" means something in addition to "money" or "other thing of value". It means an act, a deed of one who serves, labor, assistance rendered, a benefit performed, or conduct of that nature, which is exactly what was furnished by the wholesaler in this case. The performing of the acts done by the wholesaler in connection with displaying the wine in this case were unquestionably permitted by the retailer because he thought they were of benefit to him.

As the words of the statute are clear, there is no necessity to go into the question of the purpose of the Legislature in enacting this statute.

### SUMMARY

The rotation of wine stock on a retailer's shelves, and the performance of other acts by a wine wholesaler for the benefit of the retailer in displaying his wine, is prohibited by the language of Section 3(b) of Article 666-17 of Vernon's Penal Code.

Yours very truly

WAGGONER CARR
Attorney General of Texas

By: I. Raymond Williams, Jr.

IRW/fb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Robert O. Smith
Norman Suarez

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone