**In re Larhonda TORRY, Relator.**

**No. 08–0057.**

Supreme Court of Texas.

Jan. 25, 2008.

Ronald Ray Wilson, Austin TX, for Relator.

Hugh L. Brady, Austin TX, for Respondent.

Phil Wilson, Austin TX, pro se.

Beverly Kaufman, Houston TX, pro se.

PER CURIAM.

On January 2, 2008, the deadline by which a candidate must file an application for a place on the March 2008 primary ballot, relator LaRhonda Torry submitted with respondent Gerald Birnberg, Chair of the Harris County Democratic Party, her application and the requisite $750 filing fee to become a candidate for State Representative, District 147, in the Democratic Party Primary. *See* TEX. ELEC.CODE

§ § 172.023(a), 172.024(a)(5). Birnberg accepted Torry's application and filing fee, but rejected her application five days later. Birnberg explained that when Torry submitted her application, she did not have a campaign treasurer appointment on file with the Texas Ethics Commission as the Election Code requires. *See id.* § 252.005(1)(E). Birnberg further stated that the Election Code forbids a candidate: (1) from making a campaign expenditure or accepting a campaign contribution at a time when a campaign treasurer appointment is not in effect; and (2) from accepting a cash contribution exceeding $100.[1] *See id.* §§ 253.031(a), 253.033(a). Birnberg concluded that, as a result of these Election Code violations, Torry could not have lawfully paid her filing fee. Torry has since appointed a campaign treasurer.

Torry filed a mandamus petition with the court of appeals, which that court denied. ——S.W.3d——. Torry now requests that this Court issue a writ of mandamus directing Birnberg to certify Torry's name for placement on the official ballot of the Harris County Democratic Party for the March 4, 2008, general primary election for State Representative, District 147. Sections 161.009 and 273.061 of the Election Code authorize this Court to issue a writ of mandamus to compel a political party officer to perform a duty imposed by law in connection with an election. TEX. ELEC.CODE §§ 161.009, 273.061.

Birnberg does not contend that Torry has failed to satisfy the qualifications for office of state representative set forth in Article III, Section 7 of the Texas Constitution.[2] Nor does Birnberg contend that

---

1. Birnberg claims that Torry accepted the $750 in cash from a woman who accompanied Torry to the headquarters to submit her application and filing fee and that this constituted a campaign contribution.

2. Article III, Section 7 of the Texas Constitution states: "No person shall be a Representative, unless he be a citizen of the United States, and, at the time of his election, a qualified voter of this State, and shall have

Torry's application failed to comply with the applicable requirements of the Election Code. *See* Tex. Elec.Code §§ 141.031, 172.021. Birnberg further acknowledges that Torry paid the $750 filing fee before 6:00 p.m. on January 2, 2008, the deadline for applying for a place on the ballot. *See id.* § 172.023(a). We cannot locate, and Birnberg does not identify, any Election Code provision that authorizes a party chair to refuse to certify a candidate's name for placement on the ballot on the basis of the candidate's failure to designate a campaign treasurer with the Texas Ethics Commission. Nor does the Election Code authorize a party chair to insert additional certification requirements beyond those prescribed in the Election Code.

Birnberg is correct that the Election Code requires a candidate for state representative to appoint a campaign treasurer and report that appointment to the Texas Ethics Commission. *Id.* §§ 252.001, 252.005(1)(A). Neither statute prescribes a penalty for a candidate's noncompliance with those provisions. Birnberg is also correct in asserting that, pursuant to section 253.031(a), a candidate may not "knowingly accept a campaign contribution or make or authorize a campaign expenditure at a time when a campaign treasurer appointment for the candidate is not in effect" and that a violation of that provision is a Class A misdemeanor. *Id.* § 253.031(a), (f). Additionally, a candidate may not knowingly accept from a contributor in a reporting period a cash contribution that in the aggregate exceeds $100. *Id.* § 253.033(a). Assuming, without deciding, that Torry violated sections 253.031(a) and 253.033(a) of the Election Code in paying the filing fee, the Penal Code would provide for any appropriate

penalty. The Election Code does not authorize Birnberg, as a county party chair, to prescribe his own penalty for a candidate's failure to comply with any of these provisions.

Accordingly, without hearing oral argument, Tex.R.App. P. 52.8(c), we conditionally grant the writ of mandamus and direct Birnberg to certify Torry as a candidate for State Representative, District 147, and take all necessary steps to include her name on the Democratic Party primary ballot. We are confident Birnberg will promptly comply, and our writ will issue only if he does not.

been a resident of this State two years next preceding election, the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-one years." Tex. Const. art. III, § 7.