

NUMBER 13-08-00330-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

IN RE VANESSA CAHILL

---

On Petition for Writ of Mandamus

---

OPINION

Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez

Relator, Vanessa Cahill, filed a petition for writ of mandamus in the above cause on May 23, 2008, asking this Court to compel Michael A. Bertuzzi, the Nueces County Republican Chairman ("County Chair"), to grant relator access to copies of precinct convention minutes. After duly considering the petition and the County Chair's response thereto, the Court conditionally GRANTS the petition for writ of mandamus as stated herein.[1]

---

[1] In her petition for writ of mandamus, relator identified the Republican Party of Texas as the real party in interest and Michael A. Bertuzzi as the respondent. *See* TEX. R. APP. P. 52.2. Relator has subsequently identified Michael A. Bertuzzi as the real party in interest and has notified this Court that the Republican Party of Texas should have "no further involvement in this matter." The Court DENIES the "Motion to Extend Time to File Response to Writ of Mandamus, Motion to Dismiss and Motion for Damages for Frivolous Pleadings" filed by the Republican Party of Texas.

I. BACKGROUND

In March 2008, Cahill, who was elected as a delegate to the Republican County Convention for Nueces County, requested that the County Chair produce copies of the precinct minutes/records from the precinct meetings for every precinct in Nueces County. The County Chair refused to produce these records, and this original proceeding ensued. Cahill argues that the Texas Election Code imposes on the County Chair the duty to maintain, as public information, copies of all Nueces County precinct minutes for the remainder of that election year. In response, the County Chair contends that (1) this Court lacks jurisdiction over the petition, (2) the petition for writ of mandamus is deficient, (3) the records are not public information, (4) the County Chair has no duty to provide access to these documents, and (5) Cahill has an adequate remedy through the procedures and processes within the Republican Party itself.

II. JURISDICTION

Our jurisdiction over this original proceeding is delineated by section 273.061 of the Texas Election Code:

> The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

TEX. ELEC. CODE ANN. § 273.061 (Vernon 2003); *see, e.g., In re Torry*, 244 S.W.3d 849, 851 (Tex. 2008) (orig. proceeding) (per curiam). The election code further provides that "[t]he performance of a duty placed by this code on an officer of a political party is enforceable by writ of mandamus in the same manner as if the party officer were a public officer." TEX. ELEC. CODE ANN. § 161.009 (Vernon 2003); *In re Dupont*, 142 S.W.3d 528, 531 (Tex. App.–Fort Worth 2004, orig. proceeding). Accordingly, this Court has jurisdiction to consider relator's petition for writ of mandamus and to compel the performance of any

2

duty imposed by law in connection with the holding of an election or political party convention. *See* TEX. ELEC. CODE ANN. §§ 273.061; *In re Jackson*, 14 S.W.3d 843, 846 (Tex. App.–Waco 2000, orig. proceeding).

Our mandamus jurisdiction, and thus, the scope of our review, is confined to that issue which is clearly regulated by statute, that is, access to the precinct minutes. Otherwise, as long recognized by the Texas Supreme Court, the judiciary has no power to control the electoral process or matters referable to the internal issues of political parties:

> Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving party government and discipline, to determine disputes within a political party as to the regularity of the election of its executive officers, or their removal, or to determine contests for the position of party committeemen or convention delegates.

*Wall v. Currie*, 147 Texas 127, 129, 213 S.W.2d 816, 817 (1948) (quoting with approval 29 C.J.S. Elections § 88); *see Dick v. Kazen*, 156 Tex. 122, 126, 292 S.W.2d 913, 916 (Tex. 1956) ("The holding of elections and the election procedure is a part of the political power of the State, and except as provided by statute, the judiciary has no control over them."); *Runyon v. Kent*, 239 S.W.2d 909, 910 (Tex. Civ. App.–San Antonio1951, writ re'fd). Accordingly, we reach no other issue herein.

### III. THE PETITION FOR WRIT OF MANDAMUS

The County Chair contends that Cahill's petition for writ of mandamus is defective because her verification is deficient. Rule 52.3 of the Texas Rules of Appellate Procedure provides for the form and content of a petition in an original proceeding. TEX. R. APP. P. 52.3. Specifically, rule 52.3 provides that "[a]ll factual statements in the petition must be verified by affidavit made on personal knowledge by an affiant competent to testify to the

3

matters stated." *See id.*

In this case, Cahilll's verification asserts that the factual statements in the petition are true and correct "to the best of her knowledge." Such alleged defect is subject to correction, *see Rosedale Partners, Ltd. v. 131st Judicial Dist. Court*, *Bexar County*, 869 S.W.2d 643, 646 (Tex. App.–San Antonio 1994, orig. proceeding), and, given the exigency of this original petition, we do not consider this matter preclusive of our consideration of the issue herein. *See, e.g, Tinsley v. Downey*, 822 S.W.2d 784, 785 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding) (granting mandamus relief despite presence of similar verification). *But see Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Price v. Am. Nat'l Ins. Co.*, 113 S.W.3d 424, 429-30 (Tex. App.–Houston [1st Dist.] 2003, no pet.).

The County Chair further asserts that the exhibits to relator's petition for writ of mandamus are not admissible in evidence and, accordingly, relator lacks any "valid evidence" to support her assertions. However, the Texas Rules of Appellate Procedure do not require that any such exhibits be admissible evidence. *See generally* TEX. R. APP. P. 52.3(j), 52.7.[2]

## IV. ANALYSIS

The Texas Election Code contains specific provisions governing the duties of the County Chair and the creation and retention of the precinct minutes at issue. Under section 174.027 of the election code, governing the "Records of Convention," the convention chair of a precinct convention makes lists of the names and residential

---

[2] In this regard, we note that the structure of the appellate rules contemplate that original proceedings typically arise from matters in a lower court, and thus require the record to include "certified or sworn" documents and "properly authenticated" transcripts from "any underlying proceeding." *See* TEX. R. APP. P. 52.7. Such requirements are problematic in cases, as unique as the instant one, which came to this Court on original jurisdiction without progressing through an "underlying proceeding" in the trial court.

4

addresses of the delegates and any alternatives and precinct convention participants. *See* TEX. ELEC. CODE ANN. § 174.027(a),(b) (Vernon 2003). The convention chair delivers the originals and copies to the County Chair. *See id.* § 174.027(c) (Vernon 2003). The County Chair retains the copies of the lists until the end of the voting year in which they are received, *see id.* § 174.027(d) (Vernon 2003), and "the original lists are not public information." *See id.* § 174.027(f) (Vernon 2003). Section 161.004 of the election code, entitled "Party Document as Public Information," provides that, "[i]f a document, record, or other paper is expressly required by this title to be filed, prepared, or preserved, *it is public information unless this title provides otherwise.*" *See id.* § 161.004 (Vernon 2003) (emphasis added).

The Republican Party Rules provide further information regarding the nature of the precinct minutes at issue herein. The Rules provide, in the general rules for precinct conventions, under the heading of "Chairman's Responsibilities:"

a.  Record of the Precinct Convention

    The Permanent Chairman of the Precinct Convention shall be responsible for seeing that an accurate written record (minutes) is kept of all convention proceedings, including the list of persons present and their residence addresses and a list of delegates and alternates elected to the county or Senatorial District convention with residence addresses, including towns shown thereon. The Permanent Chairman of the Precinct Convention shall record the list of persons present and the list of delegates and alternates elected to the county or Senatorial District Convention in triplicate. A signed copy of the written record shall be available for copying by any participant in the convention for a period of thirty (30) minutes immediately following adjournment of the convention. Upon request, the permanent chairman shall certify any correct copy.

b.  Transmittal of Precinct Convention Minutes: The Permanent Chairman of the Precinct Convention shall sign and safely transmit to the county chairman no later than the third day after the date of the precinct convention or deposit in the mail not later than the second day after the date of the precinct convention such record (minutes) and a copy thereof, and maintain a third copy for himself at least until

5

the end of that year's biennial state convention. In multi-district counties, the County Chairman shall deliver the original record to the temporary chairman of the Senatorial District conventions. *The copy shall be public record.*

Rule 22 of the Rules of the Republican Party (emphasis added).

Based on the foregoing, the County Chair is in possession of copies of the requested minutes and those copies are a matter of "public record" or "public information." Nevertheless, the County Chair contends that he has no duty to provide access to the requested records. We conclude that the duty to provide access to public records is provided by statute or necessarily implied from other powers and duties given or imposed by statute. Otherwise, the County Chair's reading of the relevant statutes and rules would frustrate the legislative mandate that the "information is public unless this title provides otherwise." *See* TEX. ELEC. CODE ANN. § 161.004. We, therefore, hold that the County Chair has a statutory duty to retain copies of these records and the copies are public records. Accordingly, the County Chair has the duty to provide a mechanism for the review of these records by the public.

Finally, the County Chair contends that relator has an adequate remedy through the procedures and processes of the Republican Party because the party rules provide for the resolution of such disputes within the party. While the party rules provide for the resolution of certain disputes within the party, they neither provide a mechanism for reviewing the instant documents at this point in time, nor do they allow for a timely resolution of this matter. *See, e.g., In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (in determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review). Moreover, given the exigent nature of the instant case, the party's dispute resolution proceeding may come too late to provide relator with any meaningful relief. Thus, we cannot agree that

6

relator has an otherwise adequate remedy.

## V.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and response thereto, is of the opinion that relator has shown herself entitled to the relief sought.  We conditionally grant Cahill's petition for writ of mandamus without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), and direct the County Chair to allow Cahill immediate access to the precinct minutes at issue and to notify the Clerk of this Court by 5:00 p.m. tomorrow that he has done so.  We are confident that the County Chair will promptly comply, and our writ will issue only if he does not.

_____
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and filed
this the 3rd day of June, 2008.