

## NUMBER 13-09-00183-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**VANESSA CAHILL, ET AL.,** **Appellants,**

**v.**

**MIKE BERTUZZI, ET AL.,** **Appellees.**

---

On appeal from the 94th District Court
of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

In this accelerated interlocutory appeal, appellants, Vanessa Cahill, Joe Cavazos,

Kay Fischer, Darryl Smith, Stacy Smith, Judson Smith, and Maria Hultgren, complain about

the trial court's order granting a plea to the jurisdiction filed by appellees, Mike Bertuzzi,

Michael Bergsma, Joel Yowell, Kendall Peterson, Roe Lear Machem, Ted Raub, Phyllis

Capps, Carmen Pinzon, Pedro Pinzon, Nilza Gonzales, Ruby Arkadie, Horace Arkadie, Elisabeth Diemert, Diana Escamilla, James Michael Posey, Katharine Robinson, Arlan Andrews, and Tana Benevidez. By one issue, appellants argue that the trial court erred in granting appellees' plea to the jurisdiction. We affirm.

## I. BACKGROUND[1]

This dispute pertains to the election of delegates to the 2008 Nueces County Republican Party Convention and the 2008 Texas Republican Party Convention. In the trial court and on appeal, appellants allege that appellees engaged in several violations of the Texas Election Code in the election of these delegates.[2]

On August 21, 2008, appellant filed a declaratory judgment action and an application for temporary and permanent injunctive relief, alleging that appellees violated sections 162.012,[3] 162.013,[4] 162.014,[5] and 174.003[6] of the election code in the election of delegates from Senatorial District 20 and Congressional District 27 of the Republican

---

[1] On October 27, 2009, appellants filed a motion for accelerated consideration of this case, which was carried with the case. Having reviewed the contents of the motion, we GRANT appellants' request.

[2] We acknowledge that among the purposes of the election code is to prevent election fraud or, in other words, to obtain a "just and reasonable result." *In re Bell*, 91 S.W.3d 784, 787 (Tex. 2002).

[3] Section 162.012 of the election code provides that: "A person who is affiliated with a political party is ineligible to become affiliated with another political party during the same voting year." TEX. ELEC. CODE ANN. § 162.012 (Vernon 2010).

[4] Section 162.013 of the election code states that: "A vote in a primary election is void if the voter previously voted in a primary election of another party or participated in a convention of another party during the same voting year." *Id.* § 162.013 (Vernon 2010).

[5] Section 162.014, entitled "Unlawful Participation in Party Affairs," criminalizes the act of knowingly voting or attempting to vote in a primary election or participating or attempting to participate in a convention of a party after having voted in a primary election or participated in a convention of another party during the same voting year. *Id.* § 162.014(a) (Vernon 2010). The legislature prescribed that such an offense constitutes a class C misdemeanor. *Id.* § 162.014(b).

[6] Section 174.003 of the election code requires that, in addition to the requirement of party affiliation, to be eligible to serve as a county delegate, "a person must be a qualified voter of the territory that the person is selected to represent or a resident of that territory who is eligible to vote a limited ballot." *Id.* § 174.003 (Vernon 2010).

State Convention.[7]  *See* TEX. ELEC. CODE ANN. §§ 162.012-.014, 174.003 (Vernon 2010).

On August 25, 2008, appellants filed their first amended petition for declaratory judgment

and application for temporary and permanent injunctive relief.  In this filing, appellant

characterized the dispute as follows:

> 36.  On [sic] March 4, 2008 was [the] Texas Primary Election day[,] and precinct conventions were held throughout Nueces County in order to elect county and senatorial district convention delegates who[,] in turn[,] elect state convention delegates.
>
> 37.  On March 29, 2008, Mr. Mike Bertuzzi chaired the Nueces County Republican Party Convention (county convention).  Many individuals were added as delegates and alternates to the convention registration list who were neither present at the precinct convention[,] nor validly elected as delegates to the county convention by [unregistered] voters or [voters who] voted in the Democratic primary.[8]
>
> 38.  During the county convention[,] Mr. Bertuzzi refused to acknowledge points of order and points of information called by the legally elected delegates challenging the addition of illegally included individuals.  Specifically, at the request of Mr. Bertuzzi, the sergeant of arms . . . escorted out two legal delegates, Paul Hunt and Pascual Cavazos, who were calling for point [sic] of orders [sic] and information.
>
> 39.  Some of those illegally added as delegates were placed on the Temporary Credentials Committee of the convention.  Mr. Bertuzzi stated that the Temporary Credentials Committee would address any discrepancies in the registration list and ruled in favor of approval of the Credentials Committee Report despite a resounding "no" by the convention delegates.  Bertuzzi blatantly disregarded the Republican Party of Texas Rules for all

---

[7] In addition to this dispute, appellants also filed a related petition for writ of mandamus in this Court, wherein appellants argued that the county chair was not entitled to refuse to provide copies of precinct minutes and records to delegates.  *In re Cahill*, 267 S.W.3d 104, 105 (Tex. App.–Corpus Christi 2008, orig. proceeding).  This Court conditionally granted appellants' writ, holding that the precinct minutes and records were a matter of public record or public information under section 161.004 of the election code and that the county chair had a duty to provide a mechanism for the review of these records.  *Id.* at 108 (citing TEX. ELEC. CODE ANN. § 161.004 (Vernon 2010)).

[8] In support of their argument that appellees improperly seated ineligible delegates for the county convention, appellants attached, among other things, affidavits from James Michael Schneider, Chantal Slattery, and Antonio Fratila, M.D., stating that each were elected as delegates from precinct 65 and that none of them observed Bertuzzi attending the precinct 65 convention or being elected a delegate to the Nueces County Republican Party Convention.

3

Conventions and Meetings as well as Robert's Rules of Order.[9]

40. Due to the unlawful handling of the county convention by Mr. Bertuzzi, legally elected delegates in attendance chose to leave the Nueces County Republican Convention and hold a Rump Convention. Forty-seven (47) individuals were elected as local delegates and alternates to the state convention.

41. Plaintiffs obtained the Nueces County Republican Party Convention minutes from the state[,] which lists the names of the delegates that illegally attended the county convention and were chosen to attend the state convention.

42. Plaintiffs also reviewed precinct convention minutes to determine which individuals were elected delegates at the primaries, which is a necessary requirement of participation at the county convention. Upon comparison of the county convention minutes and records of the primaries, a substantial number of discrepancies appeared. In total, one hundred thirty[-]six delegates (136) were illegally elected to the state convention from the Nueces County Republican Party Convention.

In addition, appellants asserted that the trial court had jurisdiction over this matter pursuant to section 273.081 of the election code. *See id.* § 273.081 (Vernon 2010).

On September 4, 2008, Escamilla, one of the named defendants, filed a pro se original answer denying all of the allegations contained in appellants' first amended petition. Subsequently, on September 19, 2008, appellants non-suited the following named defendants: Elisabeth Diemert, Carmen Pinzon, Pedro Pinzon, Ruby Arkadie, and Horace Arkadie.[10] On October 8, 2008, the remaining defendants, Bertuzzi, Bergsma, Yowell, Peterson, Machen, Posey, Raub, Andrews, Robinson, Escamilla, Benevidez and Gonzales, filed their third amended plea to the jurisdiction, plea in abatement, special exceptions, original answer, and counterclaim. In this filing, appellees asserted, among

---

[9] Robert's Rules of Order is a procedural manual guiding parliamentary process. *See* H. ROBERT, ROBERT'S RULES OF ORDER, NEWLY REVISED (S. Robert ed., 10th ed. 2000); *see also* The Official Robert's Rules of Order Web Site, Short History of Robert's Rules, http://www.robertsrules.com/history.html (last visited Apr. 28, 2010).

[10] The trial court was also notified of counterclaims brought by Diemert and Carmen and Pedro Pinzon against appellants and that appellants had been non-suited as to the counterclaims that were allegedly filed. The record before us does not contain a copy of the counterclaim petition filed by Diemert and the Pinzons against appellants.

4

other things, that: (1) the trial court lacked subject-matter jurisdiction over the dispute; (2) appellants failed to join necessary parties to the suit, including the Republican Party of Texas, the National Republican Party, as well as the officials elected from the Senatorial District 20 Caucus at the State Convention and the National committeemen elected at the State Convention; (3) appellants' request for declaratory relief is unwarranted because the trial courts are not empowered to interfere with the political process, and, thus, there is no justiciable conflict; and (4) appellants' suit is frivolous and brought in bad faith and for the purpose of harassment.

On December 12, 2008, the trial court conducted a hearing in this matter. At the hearing, appellants' counsel asserted, for the first time, that the trial court had jurisdiction over this matter under section 163.007 of the election code. *See id.* § 163.007 (Vernon 2010) ("A rule on electoral affairs is enforceable by writ of mandamus in the same manner as if the rule were a statute."). After hearing arguments from both parties and some testimony, the trial court concluded that there was not a justiciable controversy in this dispute and, therefore, granted appellees' plea to the jurisdiction. Appellants filed motions for new trial and to modify the judgment on January 16, 2009. These motions were overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal ensued.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the asserted claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex.*

5

*Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 227 (citing *Blue*, 34 S.W.3d at 555). If a plea to the jurisdiction challenges jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Blue*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228.

After the defendant "asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject[-]matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.*; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Brown*, 80 S.W.3d at

6

555.

A plea to the jurisdiction may be granted without allowing the plaintiff the opportunity to amend its pleading if the pleading affirmatively negates the existence of jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Cameron County v. Ortega*, 291 S.W.3d 495, 497 (Tex. App.–Corpus Christi 2009, no pet.). However, if the plaintiff's pleadings are insufficient to demonstrate jurisdiction but do not show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissal. *Brown*, 80 S.W.3d at 555; *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.).

### III. ANALYSIS

By their sole issue, appellants contend that the trial court erred in granting appellees' plea to the jurisdiction because the trial court had jurisdiction to hear the matter under article V, section 8 of the Texas Constitution; section 24.008 of the government code; and section 273.081 of the election code. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.008 (Vernon 2004); TEX. ELEC. CODE ANN. § 273.081 (Vernon 2010). Appellees respond by arguing that the trial court does not have jurisdiction "over the internal workings of political parties" and that appellants' complaints challenging the election of delegates to the 2008 Nueces County Republican Convention do not create a justiciable controversy and are moot.

### A. Applicable Law

Article V, section 8 of the Texas Constitution and section 24.008 of the government code are general grants of jurisdiction to the trial court. In particular, article V, section 8 of the Texas Constitution provides that: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, *except in*

7

*cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.*"  TEX. CONST. art. V, § 8 (emphasis added).  In addition, section 24.008 of the government code states that:  "The district court may hear and determine any cause that is *cognizable by courts of law or equity* and may grant any relief that could be granted by either courts of law or equity."  TEX. GOV'T CODE ANN. § 24.008 (emphasis added).  Both of these generalized grants of jurisdiction to the trial court exclude, either implicitly or explicitly, claims that are relegated by case law or statute to another reviewing body.  Thus, the most relevant jurisdictional provision that appellants pleaded is section 273.081 of the election code, which provides that:  "A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring."[11]  TEX. ELEC. CODE ANN. § 273.081.

## B.    Discussion

Appellants:  (1) allege that appellees added names to the delegate roll of the county convention who had not been elected county convention delegates at precinct conventions and falsified precinct convention minutes to increase the delegate composition of the county convention; and (2) complain about the selection of State Republican Party committeemen.  Appellants also argue that they continue to suffer harm as a result of appellees' purported actions because the selection and seating of the delegates resulted in "the continued enjoyment of the fruits of that unlawful conduct" and that they were deprived of an internal party remedy at the county and state conventions because of the alleged continued violations of party rules.  In support of these allegations, appellants called Robert H. Johnson, Arlen Kendall Peterson, and Roe Lear Machen to testify at the

---

[11] As noted earlier, at the December 12, 2009 hearing, appellants also asserted that section 163.007 of the election code also vested jurisdiction with the trial court.  *See* TEX. ELEC. CODE ANN. § 163.007 (Vernon 2010).

8

December 12, 2009 hearing.

Johnson, a self-professed parliamentarian professional and active participant in Republican Party politics, testified that: (1) appellees violated several provisions of the election code and Robert's Rules of Order; (2) Robert's Rules of Order are legally binding; and (3) the selection of the delegates in this matter is null and void for failure to follow Robert's Rules of Order. Johnson later admitted that "we disrupted the State Convention using proper forums, points of order, appeal, making motions, reconsider motions, all the—the ways you do these things, we exhausted every possible mechanism, and we did it in a timely fashion, at the right juncture." Johnson testified that he objected to the certification of the Nueces County delegates, made a motion to reconsider the credential report, and appealed to the chair. Johnson recalled that when he appealed to the chair, he was "gaveled [sic] down" and the "mics were turned off." As a result of these actions, Johnson stated that there was "a little bit of pandemonium" at the Convention and that there was nothing more he could do to challenge the seating and selection of the delegates.

Peterson, the former Credentials Committee Chairman for the Nueces County Republican Party Convention, testified that he was responsible for the certification of County Convention delegates and that party officials made some mistakes in improperly nominating some people as delegates to the convention. Apparently, as a result of these mistakes, Peterson was stripped of his credentials to the 2008 Texas Republican Party Convention. On the other hand, Machen, the chair of the precinct 65 convention of the Republican Party, stated that several delegates were selected even though those people were not physically present at the convention meeting. This group allegedly included Bertuzzi and State Representative Todd Hunter. Machen also testified that Bertuzzi

9

directed him to add several names to the list of delegates.

Appellees called one witness, Bergsma, to testify at the December 12, 2009 hearing. Bergsma, the chairman for Republican Party precinct 116, stated that he was unaware that anyone had been improperly seated as a delegate or that any delegates to the conventions had voted in the Democratic Party primary. Bergsma then described the situation at the Nueces County Republican Party convention, which is the basis of the dispute:

> Yes. At the—after the introductory proceedings to the convention and so on, that was the order—first order of business essentially was presentation of the credentials report by Kendall Peterson, the chairman of that committee for the County Party. And—and during the presentation of his report began a—a—I don't know how to describe it, a dust-up within the convention by those who objected to the report.
>
> . . . .
>
> Well, they—screams of point of order were made during the presentation of the report that—before any vote was held, before any discussion was allowed, screams of point of order. The Chairman ruled that out of order, and—and allowed the report to continue. The disruption continued at the same time. And eventually—and the details—I don't remember the details exactly, but eventually the people that were most disruptive, the sergeant [at] arms asked them to leave.

In their live pleading, appellants seek injunctive relief for the purported election code violations under section 273.081, and appellants argue that this provision vests jurisdiction in the trial court. Texas courts have specifically held that section 273.081 of the election code gives the trial court jurisdiction to enjoin violations of the election code, but the relief requested must: (1) be timely to correct the alleged violations; (2) not seek to delay or cancel an election; (3) not interfere with the elective process; and (4) not inquire into or declare the validity of the election. *See Blum v. Lanier*, 997 S.W.2d 259, 263 (Tex. 1999); *Ex parte Barrett*, 120 Tex. 311, 37 S.W.2d 741, 742 (1931); *see also Dallas County Democratic Exec. Comm. v. Dallas County*, No. 05-02-01686-CV, 2002 Tex. App. LEXIS

10

7858, at **2-3 (Tex. App.–Dallas Nov. 1, 2002, no pet.) (mem. op.).

Here, the election of the delegates was completed on March 29, 2008, and appellants did not file suit until August 21, 2008, more than 140 days after the close of the Convention. However, the delay in filing suit was attributable to Bertuzzi's refusal to allow appellants the right to review the minutes and records from the precinct minutes for every precinct in Nueces County. *See In re Cahill*, 267 S.W.3d 104, 107 (Tex. App.–Corpus Christi 2008, orig. proceeding). In fact, this Court's June 3, 2008 writ ordered Bertuzzi to turn over the minutes and records by 5 p.m. on June 4, 2008. *Id.* at 108. The information contained in the minutes and records from the precincts was vital to appellants' assertions of election code violations. Therefore, even though approximately two-and-a-half months elapsed from our June 3, 2008 writ and appellants' August 21, 2008 filing, we cannot say that appellants' complaints were untimely due to neglect or a lack of diligence.

However, in their live pleading, appellants seek injunctive relief and a declaration that the seating of delegates at the Nueces County Republican Convention was illegal and resulted in a null and void senatorial caucus. Moreover, on appeal, appellants state the following: "[t]he trial court has jurisdiction to enjoin that unlawful conduct of Appellees . . . and to enjoin the continued enjoyment of the fruits of that unlawful conduct." Based on our review of appellants' pleadings and arguments on appeal, it appears that appellants seek to, in effect, cancel the results of the 2008 election and, therefore, impede the elective process. *See Blum*, 997 S.W.2d at 263; *Ex parte Barrett*, 37 S.W.2d at 742; *see also Dallas County Democratic Exec. Comm.*, 2002 Tex. App. LEXIS 7858, at **2-3. Such a request for relief prevents the trial court from exercising jurisdiction under section 273.081 of the election code. *See* TEX. ELEC. CODE ANN. § 273.081; *Blum*, 997 S.W.2d at 263; *Ex parte Barrett*, 37 S.W.2d at 742; *see also Dallas County Democratic Exec. Comm.*,

11

2002 Tex. App. LEXIS 7858, at **2-3.

Moreover, we note that the crux of appellants' complaints pertain to an election contest for the positions of party committeemen and convention delegates, which the supreme court has held is not within the jurisdiction of the trial court but, rather, within the sphere of authority of the political party—the Republican Party here. *See In re Cahill*, 267 S.W.3d at106; *see also Dick v. Kazen*, 156 Tex. 122, 292 S.W.2d 913, 916 (1956); *Wall v. Currie*, 147 Tex. 127, 213 S.W.2d 816, 817 (1948). In fact, it is well settled that separation of powers and the judiciary's deference to the legislative branch require that judicial power ought not to interfere with the elective process, and the supreme court has held that:

> Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, *the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving* party government and discipline, to determine disputes within a political party as to the regularity of the election of its executive officers, or their removal, or *to determine contests for the position of party committeemen or convention delegates.*

*In re Cahill*, 267 S.W.3d at 106 (quoting *Wall*, 213 S.W.2d at 817 (quoting with approval 29 C.J.S. ELECTIONS § 88, at 121-22); and citing *Dick*, 292 S.W.2d at 916 ("The holding of elections and the election procedure is a part of the political power of the State, and except as provided by statute, the judiciary has no control over them."); *Runyon v. Kent*, 239 S.W.2d 909, 910 (Tex. Civ. App.–San Antonio 1951, writ ref'd)) (emphasis added). Moreover, the supreme court has recognized that "[a] Texas political party is a free and voluntary association of citizens of the state. Such parties cannot operate if the courts entertain the suit of every member who concludes that he is in disagreement with its decisions." *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219, 221 (1954); *see Carter v. Tomlinson*, 149 Tex. 7, 227 S.W.2d 795, 799 (1950) (holding that "the contest of an

12

election, lacking the elements of a civil suit, is a political rather than a judicial question, and the courts under their general powers, legal and equitable[,] have no jurisdiction o[ver] such a controversy").

Therefore, based on the foregoing, we have no power to interfere with the judgments made by the "constituted authorities" of the Nueces County Republican Party. *See Wall*, 213 S.W.2d at 817; *Dick*, 292 S.W.2d at 916; *In re Cahill*, 267 S.W.3d at 106; *see also Holland*, 270 S.W.2d at 221; *Carter*, 227 S.W.2d at 799.

Furthermore, appellants' insistence at the December 12, 2009 hearing that section 163.007 of the election code allows for the trial court to exercise jurisdiction over this matter is unfounded. *See* TEX. ELEC. CODE ANN. § 163.007. As stated earlier, section 163.007 allows for the review of rules on electoral affairs by petition for writ of mandamus. *See id.* Here, appellants have not filed a petition for writ of mandamus asserting the arguments made in this appeal. In addition, appellants do not challenge any party rules in this appeal; instead, they complain about the actions of the Nueces County Republican Party leadership, which takes this matter out of the purview of section 163.007 of the election code. *See id.* Accordingly, we conclude that appellants' pleadings affirmatively negated the existence of jurisdiction, and the trial court, therefore, did not err in granting appellees' plea to the jurisdiction. Appellants' sole issue on appeal is overruled.

## IV. FRIVOLOUS APPEAL SANCTIONS

In their appellate brief, appellees assert that appellants' appeal of this dispute is frivolous and warrants the imposition of sanctions against appellants under Texas Rule of Appellate Procedure 45. *See* TEX. R. APP. P. 45. However, having reviewed the entire record and the appellate briefs on file, we disagree with appellees' assertion that this appeal is frivolous; thus, we decline to impose rule 45 sanctions against appellants.

13

## V. CONCLUSION

We affirm the judgment of the trial court.

_____

_____

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
27th day of May, 2010.