NUMBER 13-09-00183-CV


COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


VANESSA CAHILL, ET AL., Appellants,


v.


MIKE BERTUZZI, ET AL., Appellees.

 
 

On appeal from the 94th District Court

 of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides

 Memorandum Opinion by Chief Justice Valdez


 In this accelerated interlocutory appeal, appellants, Vanessa Cahill, Joe Cavazos,
Kay Fischer, Darryl Smith, Stacy Smith, Judson Smith, and Maria Hultgren, complain about
the trial court's order granting a plea to the jurisdiction filed by appellees, Mike Bertuzzi,
Michael Bergsma, Joel Yowell, Kendall Peterson, Roe Lear Machem, Ted Raub, Phyllis
Capps, Carmen Pinzon, Pedro Pinzon, Nilza Gonzales, Ruby Arkadie, Horace Arkadie,
Elisabeth Diemert, Diana Escamilla, James Michael Posey, Katharine Robinson, Arlan
Andrews, and Tana Benevidez. By one issue, appellants argue that the trial court erred
in granting appellees' plea to the jurisdiction. We affirm.

I. Background (1)

 This dispute pertains to the election of delegates to the 2008 Nueces County
Republican Party Convention and the 2008 Texas Republican Party Convention. In the
trial court and on appeal, appellants allege that appellees engaged in several violations of
the Texas Election Code in the election of these delegates. (2)

 On August 21, 2008, appellant filed a declaratory judgment action and an
application for temporary and permanent injunctive relief, alleging that appellees violated
sections 162.012, (3) 162.013, (4) 162.014, (5) and 174.003 (6) of the election code in the election
of delegates from Senatorial District 20 and Congressional District 27 of the Republican
State Convention. (7) See Tex. Elec. Code Ann. §§ 162.012-.014, 174.003 (Vernon 2010). 
On August 25, 2008, appellants filed their first amended petition for declaratory judgment
and application for temporary and permanent injunctive relief. In this filing, appellant
characterized the dispute as follows:

 36. On [sic] March 4, 2008 was [the] Texas Primary Election day[,] and
precinct conventions were held throughout Nueces County in order to elect
county and senatorial district convention delegates who[,] in turn[,] elect state
convention delegates. 

 37. On March 29, 2008, Mr. Mike Bertuzzi chaired the Nueces County
Republican Party Convention (county convention). Many individuals were
added as delegates and alternates to the convention registration list who
were neither present at the precinct convention[,] nor validly elected as
delegates to the county convention by [unregistered] voters or [voters who]
voted in the Democratic primary.[ (8)]

 

 38. During the county convention[,] Mr. Bertuzzi refused to acknowledge
points of order and points of information called by the legally elected
delegates challenging the addition of illegally included individuals.
Specifically, at the request of Mr. Bertuzzi, the sergeant of arms . . . escorted
out two legal delegates, Paul Hunt and Pascual Cavazos, who were calling
for point [sic] of orders [sic] and information.

 

 39. Some of those illegally added as delegates were placed on the
Temporary Credentials Committee of the convention. Mr. Bertuzzi stated
that the Temporary Credentials Committee would address any discrepancies
in the registration list and ruled in favor of approval of the Credentials
Committee Report despite a resounding "no" by the convention delegates. 
Bertuzzi blatantly disregarded the Republican Party of Texas Rules for all
Conventions and Meetings as well as Robert's Rules of Order.[ (9)]

 40. Due to the unlawful handling of the county convention by Mr. Bertuzzi,
legally elected delegates in attendance chose to leave the Nueces County
Republican Convention and hold a Rump Convention. Forty-seven (47)
individuals were elected as local delegates and alternates to the state
convention. 

 41. Plaintiffs obtained the Nueces County Republican Party Convention
minutes from the state[,] which lists the names of the delegates that illegally
attended the county convention and were chosen to attend the state
convention. 

 42. Plaintiffs also reviewed precinct convention minutes to determine which
individuals were elected delegates at the primaries, which is a necessary
requirement of participation at the county convention. Upon comparison of
the county convention minutes and records of the primaries, a substantial
number of discrepancies appeared. In total, one hundred thirty[-]six
delegates (136) were illegally elected to the state convention from the
Nueces County Republican Party Convention. 

In addition, appellants asserted that the trial court had jurisdiction over this matter pursuant
to section 273.081 of the election code. See id. § 273.081 (Vernon 2010).

 On September 4, 2008, Escamilla, one of the named defendants, filed a pro se
original answer denying all of the allegations contained in appellants' first amended
petition. Subsequently, on September 19, 2008, appellants non-suited the following
named defendants: Elisabeth Diemert, Carmen Pinzon, Pedro Pinzon, Ruby Arkadie, and
Horace Arkadie. (10) On October 8, 2008, the remaining defendants, Bertuzzi, Bergsma,
Yowell, Peterson, Machen, Posey, Raub, Andrews, Robinson, Escamilla, Benevidez and
Gonzales, filed their third amended plea to the jurisdiction, plea in abatement, special
exceptions, original answer, and counterclaim. In this filing, appellees asserted, among
other things, that: (1) the trial court lacked subject-matter jurisdiction over the dispute; (2)
appellants failed to join necessary parties to the suit, including the Republican Party of
Texas, the National Republican Party, as well as the officials elected from the Senatorial
District 20 Caucus at the State Convention and the National committeemen elected at the
State Convention; (3) appellants' request for declaratory relief is unwarranted because the
trial courts are not empowered to interfere with the political process, and, thus, there is no
justiciable conflict; and (4) appellants' suit is frivolous and brought in bad faith and for the
purpose of harassment.

 On December 12, 2008, the trial court conducted a hearing in this matter. At the
hearing, appellants' counsel asserted, for the first time, that the trial court had jurisdiction
over this matter under section 163.007 of the election code. See id. § 163.007 (Vernon
2010) ("A rule on electoral affairs is enforceable by writ of mandamus in the same manner
as if the rule were a statute."). After hearing arguments from both parties and some
testimony, the trial court concluded that there was not a justiciable controversy in this
dispute and, therefore, granted appellees' plea to the jurisdiction. Appellants filed motions
for new trial and to modify the judgment on January 16, 2009. These motions were
overruled by operation of law. See Tex. R. Civ. P. 329b(c). This appeal ensued.

II. Standard of Review

 A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without
regard to whether the asserted claims have merit. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter
jurisdiction. Id.; see Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
Whether a trial court has subject-matter jurisdiction is a question of law that we review de
novo. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

 The plaintiff has the burden to plead facts affirmatively showing that the trial court
has jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Univ. of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.-Fort Worth 2003, pet.
denied). We assume the truth of the jurisdictional facts alleged in the pleadings unless the
defendant presents evidence to negate their existence. Miranda, 133 S.W.3d at 227 (citing
Blue, 34 S.W.3d at 555). If a plea to the jurisdiction challenges jurisdictional facts, we
consider relevant evidence submitted by the parties to resolve the jurisdictional issues
raised. City of Waco v. Kirwan, 298 S.W.3d 618, 622 (Tex. 2008) (citing Miranda, 133
S.W.3d at 227); see Blue, 34 S.W.3d at 555. If that evidence creates a fact issue as to
jurisdiction, then it is for the fact-finder to decide. Kirwan, 298 S.W.3d at 622; Miranda,
133 S.W.3d at 227-28. "However, if the relevant evidence is undisputed or fails to raise
a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction
as a matter of law." Miranda, 133 S.W.3d at 228. 

 After the defendant "asserts and supports with evidence that the trial court lacks
subject[-]matter jurisdiction, we simply require the plaintiffs, when the facts underlying the
merits and subject[-]matter jurisdiction are intertwined, to show that there is a disputed
material fact regarding the jurisdictional issue." Id. This standard "generally mirrors" that
of a traditional motion for summary judgment. Id. When reviewing a plea to the jurisdiction
in which the pleading requirement has been met and evidence has been submitted to
support the plea that implicates the merits of the case, we take as true all evidence
favorable to the non-movant. Id.; see County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs'
pleadings and the evidence pertinent to the jurisdictional inquiry." Brown, 80 S.W.3d at
555.

 A plea to the jurisdiction may be granted without allowing the plaintiff the opportunity
to amend its pleading if the pleading affirmatively negates the existence of jurisdiction. 
Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002); Cameron County v.
Ortega, 291 S.W.3d 495, 497 (Tex. App.-Corpus Christi 2009, no pet.). However, if the
plaintiff's pleadings are insufficient to demonstrate jurisdiction but do not show incurable
defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend
before dismissal. Brown, 80 S.W.3d at 555; Tex. Parks & Wildlife Dep't v. Morris, 129
S.W.3d 804, 807 (Tex. App.-Corpus Christi 2004, no pet.). 

III. Analysis

 By their sole issue, appellants contend that the trial court erred in granting
appellees' plea to the jurisdiction because the trial court had jurisdiction to hear the matter
under article V, section 8 of the Texas Constitution; section 24.008 of the government
code; and section 273.081 of the election code. See Tex. Const. art. V, § 8; Tex. Gov't
Code Ann. § 24.008 (Vernon 2004); Tex. Elec. Code Ann. § 273.081 (Vernon 2010). 
Appellees respond by arguing that the trial court does not have jurisdiction "over the
internal workings of political parties" and that appellants' complaints challenging the
election of delegates to the 2008 Nueces County Republican Convention do not create a
justiciable controversy and are moot.

A. Applicable Law

 Article V, section 8 of the Texas Constitution and section 24.008 of the government
code are general grants of jurisdiction to the trial court. In particular, article V, section 8
of the Texas Constitution provides that: "District Court jurisdiction consists of exclusive,
appellate, and original jurisdiction of all actions, proceedings, and remedies, except in
cases where exclusive, appellate, or original jurisdiction may be conferred by this
Constitution or other law on some other court, tribunal, or administrative body." Tex.
Const. art. V, § 8 (emphasis added). In addition, section 24.008 of the government code
states that: "The district court may hear and determine any cause that is cognizable by
courts of law or equity and may grant any relief that could be granted by either courts of
law or equity." Tex. Gov't Code Ann. § 24.008 (emphasis added). Both of these
generalized grants of jurisdiction to the trial court exclude, either implicitly or explicitly,
claims that are relegated by case law or statute to another reviewing body. Thus, the most
relevant jurisdictional provision that appellants pleaded is section 273.081 of the election
code, which provides that: "A person who is being harmed or is in danger of being harmed
by a violation or threatened violation of this code is entitled to appropriate injunctive relief
to prevent the violation from continuing or occurring." (11) Tex. Elec. Code Ann. § 273.081.

B. Discussion

 Appellants: (1) allege that appellees added names to the delegate roll of the county
convention who had not been elected county convention delegates at precinct conventions
and falsified precinct convention minutes to increase the delegate composition of the
county convention; and (2) complain about the selection of State Republican Party
committeemen. Appellants also argue that they continue to suffer harm as a result of
appellees' purported actions because the selection and seating of the delegates resulted
in "the continued enjoyment of the fruits of that unlawful conduct" and that they were
deprived of an internal party remedy at the county and state conventions because of the
alleged continued violations of party rules. In support of these allegations, appellants
called Robert H. Johnson, Arlen Kendall Peterson, and Roe Lear Machen to testify at the
December 12, 2009 hearing. 

 Johnson, a self-professed parliamentarian professional and active participant in
Republican Party politics, testified that: (1) appellees violated several provisions of the
election code and Robert's Rules of Order; (2) Robert's Rules of Order are legally binding;
and (3) the selection of the delegates in this matter is null and void for failure to follow
Robert's Rules of Order. Johnson later admitted that "we disrupted the State Convention
using proper forums, points of order, appeal, making motions, reconsider motions, all
the--the ways you do these things, we exhausted every possible mechanism, and we did
it in a timely fashion, at the right juncture." Johnson testified that he objected to the
certification of the Nueces County delegates, made a motion to reconsider the credential
report, and appealed to the chair. Johnson recalled that when he appealed to the chair,
he was "gaveled [sic] down" and the "mics were turned off." As a result of these actions,
Johnson stated that there was "a little bit of pandemonium" at the Convention and that
there was nothing more he could do to challenge the seating and selection of the
delegates.

 Peterson, the former Credentials Committee Chairman for the Nueces County
Republican Party Convention, testified that he was responsible for the certification of
County Convention delegates and that party officials made some mistakes in improperly
nominating some people as delegates to the convention. Apparently, as a result of these
mistakes, Peterson was stripped of his credentials to the 2008 Texas Republican Party
Convention. On the other hand, Machen, the chair of the precinct 65 convention of the
Republican Party, stated that several delegates were selected even though those people
were not physically present at the convention meeting. This group allegedly included
Bertuzzi and State Representative Todd Hunter. Machen also testified that Bertuzzi
directed him to add several names to the list of delegates. 

 Appellees called one witness, Bergsma, to testify at the December 12, 2009
hearing. Bergsma, the chairman for Republican Party precinct 116, stated that he was
unaware that anyone had been improperly seated as a delegate or that any delegates to
the conventions had voted in the Democratic Party primary. Bergsma then described the
situation at the Nueces County Republican Party convention, which is the basis of the
dispute:

 Yes. At the--after the introductory proceedings to the convention and so on,
that was the order--first order of business essentially was presentation of the
credentials report by Kendall Peterson, the chairman of that committee for
the County Party. And--and during the presentation of his report began
a--a--I don't know how to describe it, a dust-up within the convention by
those who objected to the report.


 . . . . 

 Well, they--screams of point of order were made during the presentation of
the report that--before any vote was held, before any discussion was
allowed, screams of point of order. The Chairman ruled that out of order,
and--and allowed the report to continue. The disruption continued at the
same time. And eventually--and the details--I don't remember the details
exactly, but eventually the people that were most disruptive, the sergeant [at]
arms asked them to leave.

 In their live pleading, appellants seek injunctive relief for the purported election code
violations under section 273.081, and appellants argue that this provision vests jurisdiction
in the trial court. Texas courts have specifically held that section 273.081 of the election
code gives the trial court jurisdiction to enjoin violations of the election code, but the relief
requested must: (1) be timely to correct the alleged violations; (2) not seek to delay or
cancel an election; (3) not interfere with the elective process; and (4) not inquire into or
declare the validity of the election. See Blum v. Lanier, 997 S.W.2d 259, 263 (Tex. 1999);
Ex parte Barrett, 120 Tex. 311, 37 S.W.2d 741, 742 (1931); see also Dallas County
Democratic Exec. Comm. v. Dallas County, No. 05-02-01686-CV, 2002 Tex. App. LEXIS
7858, at **2-3 (Tex. App.-Dallas Nov. 1, 2002, no pet.) (mem. op.). 

 Here, the election of the delegates was completed on March 29, 2008, and
appellants did not file suit until August 21, 2008, more than 140 days after the close of the
Convention. However, the delay in filing suit was attributable to Bertuzzi's refusal to allow
appellants the right to review the minutes and records from the precinct minutes for every
precinct in Nueces County. See In re Cahill, 267 S.W.3d 104, 107 (Tex. App.-Corpus
Christi 2008, orig. proceeding). In fact, this Court's June 3, 2008 writ ordered Bertuzzi to
turn over the minutes and records by 5 p.m. on June 4, 2008. Id. at 108. The information
contained in the minutes and records from the precincts was vital to appellants' assertions
of election code violations. Therefore, even though approximately two-and-a-half months
elapsed from our June 3, 2008 writ and appellants' August 21, 2008 filing, we cannot say
that appellants' complaints were untimely due to neglect or a lack of diligence. 

 However, in their live pleading, appellants seek injunctive relief and a declaration
that the seating of delegates at the Nueces County Republican Convention was illegal and
resulted in a null and void senatorial caucus. Moreover, on appeal, appellants state the
following: "[t]he trial court has jurisdiction to enjoin that unlawful conduct of
Appellees . . . and to enjoin the continued enjoyment of the fruits of that unlawful conduct." 
Based on our review of appellants' pleadings and arguments on appeal, it appears that
appellants seek to, in effect, cancel the results of the 2008 election and, therefore, impede
the elective process. See Blum, 997 S.W.2d at 263; Ex parte Barrett, 37 S.W.2d at 742;
see also Dallas County Democratic Exec. Comm., 2002 Tex. App. LEXIS 7858, at **2-3. 
Such a request for relief prevents the trial court from exercising jurisdiction under section
273.081 of the election code. See Tex. Elec. Code Ann. § 273.081; Blum, 997 S.W.2d at
263; Ex parte Barrett, 37 S.W.2d at 742; see also Dallas County Democratic Exec. Comm.,
2002 Tex. App. LEXIS 7858, at **2-3. 

 Moreover, we note that the crux of appellants' complaints pertain to an election
contest for the positions of party committeemen and convention delegates, which the
supreme court has held is not within the jurisdiction of the trial court but, rather, within the
sphere of authority of the political party--the Republican Party here. See In re Cahill, 267
S.W.3d at106; see also Dick v. Kazen, 156 Tex. 122, 292 S.W.2d 913, 916 (1956); Wall
v. Currie, 147 Tex. 127, 213 S.W.2d 816, 817 (1948). In fact, it is well settled that
separation of powers and the judiciary's deference to the legislative branch require that
judicial power ought not to interfere with the elective process, and the supreme court has
held that:

 Except to the extent that jurisdiction is conferred by statute or that the
subject has been regulated by statute, the courts have no power to interfere
with the judgments of the constituted authorities of established political
parties in matters involving party government and discipline, to determine
disputes within a political party as to the regularity of the election of its
executive officers, or their removal, or to determine contests for the position
of party committeemen or convention delegates.

In re Cahill, 267 S.W.3d at 106 (quoting Wall, 213 S.W.2d at 817 (quoting with approval
29 C.J.S. Elections § 88, at 121-22); and citing Dick, 292 S.W.2d at 916 ("The holding of
elections and the election procedure is a part of the political power of the State, and except
as provided by statute, the judiciary has no control over them."); Runyon v. Kent, 239
S.W.2d 909, 910 (Tex. Civ. App.-San Antonio 1951, writ ref'd)) (emphasis added). 
Moreover, the supreme court has recognized that "[a] Texas political party is a free and
voluntary association of citizens of the state. Such parties cannot operate if the courts
entertain the suit of every member who concludes that he is in disagreement with its
decisions." Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219, 221 (1954); see Carter v.
Tomlinson, 149 Tex. 7, 227 S.W.2d 795, 799 (1950) (holding that "the contest of an
election, lacking the elements of a civil suit, is a political rather than a judicial question, and
the courts under their general powers, legal and equitable[,] have no jurisdiction o[ver] such
a controversy"). 

 Therefore, based on the foregoing, we have no power to interfere with the
judgments made by the "constituted authorities" of the Nueces County Republican Party. 
See Wall, 213 S.W.2d at 817; Dick, 292 S.W.2d at 916; In re Cahill, 267 S.W.3d at 106;
see also Holland, 270 S.W.2d at 221; Carter, 227 S.W.2d at 799. 

 Furthermore, appellants' insistence at the December 12, 2009 hearing that section
163.007 of the election code allows for the trial court to exercise jurisdiction over this
matter is unfounded. See Tex. Elec. Code Ann. § 163.007. As stated earlier, section
163.007 allows for the review of rules on electoral affairs by petition for writ of mandamus. 
See id. Here, appellants have not filed a petition for writ of mandamus asserting the
arguments made in this appeal. In addition, appellants do not challenge any party rules
in this appeal; instead, they complain about the actions of the Nueces County Republican
Party leadership, which takes this matter out of the purview of section 163.007 of the
election code. See id. Accordingly, we conclude that appellants' pleadings affirmatively
negated the existence of jurisdiction, and the trial court, therefore, did not err in granting
appellees' plea to the jurisdiction. Appellants' sole issue on appeal is overruled.

IV. Frivolous Appeal Sanctions

 In their appellate brief, appellees assert that appellants' appeal of this dispute is
frivolous and warrants the imposition of sanctions against appellants under Texas Rule of
Appellate Procedure 45. See Tex. R. App. P. 45. However, having reviewed the entire
record and the appellate briefs on file, we disagree with appellees' assertion that this
appeal is frivolous; thus, we decline to impose rule 45 sanctions against appellants.

V. Conclusion

 We affirm the judgment of the trial court.

 ROGELIO VALDEZ

 Chief Justice

 

 

Delivered and filed the 

27th day of May, 2010. 

 
1. On October 27, 2009, appellants filed a motion for accelerated consideration of this case, which was
carried with the case. Having reviewed the contents of the motion, we GRANT appellants' request.
2. We acknowledge that among the purposes of the election code is to prevent election fraud or, in
other words, to obtain a "just and reasonable result." In re Bell, 91 S.W.3d 784, 787 (Tex. 2002).
3. Section 162.012 of the election code provides that: "A person who is affiliated with a political party
is ineligible to become affiliated with another political party during the same voting year." Tex. Elec. Code
Ann. § 162.012 (Vernon 2010).
4. Section 162.013 of the election code states that: "A vote in a primary election is void if the voter
previously voted in a primary election of another party or participated in a convention of another party during
the same voting year." Id. § 162.013 (Vernon 2010).
5. Section 162.014, entitled "Unlawful Participation in Party Affairs," criminalizes the act of knowingly
voting or attempting to vote in a primary election or participating or attempting to participate in a convention
of a party after having voted in a primary election or participated in a convention of another party during the
same voting year. Id. § 162.014(a) (Vernon 2010). The legislature prescribed that such an offense
constitutes a class C misdemeanor. Id. § 162.014(b).
6. Section 174.003 of the election code requires that, in addition to the requirement of party affiliation,
to be eligible to serve as a county delegate, "a person must be a qualified voter of the territory that the person
is selected to represent or a resident of that territory who is eligible to vote a limited ballot." Id. § 174.003
(Vernon 2010).
7. In addition to this dispute, appellants also filed a related petition for writ of mandamus in this Court,
wherein appellants argued that the county chair was not entitled to refuse to provide copies of precinct minutes
and records to delegates. In re Cahill, 267 S.W.3d 104, 105 (Tex. App.-Corpus Christi 2008, orig.
proceeding). This Court conditionally granted appellants' writ, holding that the precinct minutes and records
were a matter of public record or public information under section 161.004 of the election code and that the
county chair had a duty to provide a mechanism for the review of these records. Id. at 108 (citing Tex. Elec.
Code Ann. § 161.004 (Vernon 2010)).
8. In support of their argument that appellees improperly seated ineligible delegates for the county
convention, appellants attached, among other things, affidavits from James Michael Schneider, Chantal
Slattery, and Antonio Fratila, M.D., stating that each were elected as delegates from precinct 65 and that none
of them observed Bertuzzi attending the precinct 65 convention or being elected a delegate to the Nueces
County Republican Party Convention.
9. Robert's Rules of Order is a procedural manual guiding parliamentary process. See H. Robert,
Robert's Rules of Order, Newly Revised (S. Robert ed., 10th ed. 2000); see also The Official Robert's
Rules of Order Web Site, Short History of Robert's Rules, http://www.robertsrules.com/history.html (last visited
Apr. 28, 2010).
10. The trial court was also notified of counterclaims brought by Diemert and Carmen and Pedro Pinzon
against appellants and that appellants had been non-suited as to the counterclaims that were allegedly filed. 
The record before us does not contain a copy of the counterclaim petition filed by Diemert and the Pinzons
against appellants.
11. As noted earlier, at the December 12, 2009 hearing, appellants also asserted that section 163.007
of the election code also vested jurisdiction with the trial court. See Tex. Elec. Code Ann. § 163.007 (Vernon
2010).